In re C. H. BENNETT SHOE CO.

(District Court, D. Connecticut. October 6, 1905.)

No. 1,402.

BANKRUPTCY—ACTS OF BANKRUPTCY—CORPORATION.
Under the provision of Bankr. Act July 1, 1898, c. 541, § 3, subd. 4, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683], making it an act of bankruptcy on the part of a debtor, if "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state," a corporation organized under the laws of Connecticut commits an act of bankruptcy, where, because of its insolvency, its stockholders sign an agreement for its dissolution, pursuant to Pub. Acts Conn. 1903, pp. 160, 161, c. 194, §§ 29–34, and transferring its property to its directors, as trustees, to wind up its affairs.

In Bankruptcy. On demurrer to creditors' petition.

Robert H. Gould, for petitioners.
A. B. Beers, for bankrupt.

PLATT, District Judge. The petition sets forth that the bankrupt is an insolvent corporation and within the proper class to be proceeded against in the manner adopted, · and

"That within four months preceding the date of the filing of this petition, namely on November 14, 1904, the said the C. H. Bennett Shoe Company, being insolvent, committed an act of bankruptcy, in that it did by the written agreement of all of its stockholders make a general assignment to its directors, under a provision of the statute laws of the state of Connecticut regarding the dissolution of corporations, and did, under the provisions of said statute laws, create the directors of the said corporation trustees to close up the business

of such corporation for the benefit of creditors; and said directors, in pursuance of said statute laws, caused to be published on said November 14, 1904, in the Bridgeport Standard, a daily newspaper published in said Bridgeport, the following notice:

" 'Bridgeport Conn., Nov. 14, 1904.

"Notice is hereby given that all of the stockholders of the C. H. Bennett Shoe Company on Nov. 14th, 1904, signed and acknowledged before an officer authorized to take acknowledgment of deeds a written agreement that the corporate existence of said corporation should be terminated, as provided by the statute laws of this state, and that it is proposed to dissolve said corporation. All creditors of said corporation are hereby notified that the directors of said corporation, acting as trustees under the statute laws of the state of Connecticut, have fixed and limited the time for the presentation of claims against said corporation to March 16th, 1905. All creditors are warned to present their claims against said corporation to the directors of said corporation, acting as trustees under the laws of the state of Connecticut at No. 947 State street, Bridgeport, Conn., on or before March 16th, 1905, or they will be debarred recovery.

" 'Caleb H. Bennett,
" 'Mary L. Bennett,
" 'George H. Bennett,

" 'Directors of the C. H. Bennett Shoe Co., 'Acting as Trustees under the Statute Laws of the State of Connecticut,' "

—and then asks that said corporation may be adjudged bankrupt.

Among the acts of bankruptcy contained in section 3 of Bankr. Act of July 1, 1898, c. 541 (30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), the following pertinent words will be found in subdivision 4, as amended in 1903 (Act Fed. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683]):

"Made a general assignment for the benefit of his creditors, * * * or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state. * * *"

The demurrer, with its nine paragraphs, may be boiled down into a contention that the facts set forth in the petition do not, for one reason or another, amount to a general assignment for the benefit of creditors. This may or may not be so, but I am bound to say that in view of the purpose of the bankrupt law, and with a fair acceptance of the doctrine of equivalency, it would seem that the decision on that point ought to be against the demurrant. Without settling that question, it appears, upon reading further, that the latter part of subdivision 4, as amended, applies to an entirely different situation, and such a case as we now have in hand comes clearly within its provisions. The corporation is insolvent, and the directors, as trustees, have been put in charge of the property to wind up its affairs, and to bring about a condition which will permit the termination of its existence. The trustees are invested with peculiar powers and duties. All this has been done "under the laws of a state," as found in Pub. Acts 1903, pp. 160, 161, c. 194, §§ 29–34, inclusive.

Let the demurrer be overruled.