CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee of the First Refunding Gold Mortgage of Brooklyn Rapid Transit Company, Dated July 1, 1902, Respondent, *v.* AMERICAN RAILWAY TRAFFIC COMPANY and Others, Appellants.

Second Department, October 21, 1921.

Corporations — voluntary dissolution of insolvent corporation — title to assets vests in directors acting as trustees — assets to be distributed pro rata — judgment creditor not entitled to order directing bank to pay balance to sheriff under Code of Civil Procedure, § 2446.

Upon the voluntary dissolution of an insolvent domestic business corporation without judicial proceedings under section 221 of the General Corporation Law, the directors who act as trustees pursuant to section 35 of the General Corporation Law are vested with the title to the assets of the corporation and may, under the implied power granted by section 35, make a *pro rata* distribution to creditors.

Hence, a motion under section 2446 of the Code of Civil Procedure by a creditor, who procured a judgment in an action commenced after the dissolution for an order directing a bank to pay over to the sheriff a balance in an account of the corporation, was improvidently granted.

APPEAL by the defendants, American Railway Traffic Company and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 29th day of June, 1921, directing the Nassau National Bank to pay over to the sheriff of Kings county the balance of the deposit account of said defendant with it, to be applied by the sheriff upon an execution in his hands upon a judgment of the plaintiff against the defendant.

*D. A. Marsh,* for the appellants American Railway Traffic Company, judgment debtor, and trustees.

*Edward M. Grout* [*Paul Grout* and *Charles B. La Voe* with him on the brief], for the appellant Mary Brown.

*James L. Banks, Jr.* [*Henry V. Poor* with him on the brief], for the respondent.

MILLS, J.:

This is an appeal by the defendant corporation, or rather by its surviving directors acting as trustees in dissolution, and by Mary Brown, an alleged creditor of the corporation, from an order made at the Kings Special Term June 29, 1921, directing the Nassau National Bank to pay over to the sheriff of Kings county the balance of the deposit account of said defendant with it, to be applied by the sheriff upon an execution in his hands upon a judgment of the plaintiff against the defendant.

The material facts are undisputed and are the following: The defendant is a domestic business corporation. It was voluntarily dissolved by proceedings taken under section 221 of the General Corporation Law, and the dissolution became effective by the filing of the requisite certificate on February 7, 1910. Its directors at that time were five men, of whom one soon died and another resigned, leaving three surviving, Messrs. Williams, Meneely and Yeomans. They proceeded to act as trustees in winding up the affairs of the corporation. In that process they came into possession of considerable property belonging to it, and out of its proceeds they paid off certain certificates of indebtedness which were liens thereon, and also taxes, insurance, and other charges. In the name of the corporation they continued its account with the Nassau National Bank and have now therein a balance of $55,224.51. On March 30, 1910, only about two months after the dissolution, an action in this court, Kings county, was commenced against the corporation by Mary Brown to recover the sum of $57,894, damages for an alleged breach of contract. Issue was duly joined, and the action referred to the late William J. Youngs as sole referee to hear and determine. After the trial had been completed and the case submitted to him, but before decision, he died. The action was then referred to John J. Graham, but he died before beginning the hearings; and it was then, on November 12, 1917, referred to James M. Gray, and the action is still on trial before him.

On March 25, 1921, this action was begun in this court, Kings county, by the plaintiff herein to recover the amount due on certain certificates of indebtedness issued by the defendant to the Brooklyn Rapid Transit Company, and by

the latter assigned to the plaintiff; and on April 27, 1921, the plaintiff herein in this action entered judgment against the defendant for the amount due, namely, $525,528.27, and issued execution thereon.  Under that the sheriff of Kings county levied upon all the property of the defendant corporation; and thereafter in supplementary proceedings a third party order was made in which upon due examination the said bank was found to have said balance on deposit.  Then the plaintiff, the judgment creditor, under section 2446 of the Code of Civil Procedure, now section 792 of the Civil Practice Act, moved at the Kings Special Term for an order directing the bank to pay over said balance to the sheriff upon said execution.  The said surviving directors and the said Brown appeared by counsel and opposed the motion; but it was granted, the learned justice filing a memorandum in which he held that said section 2446 was applicable.  He, however, by the order made permitted the bank to retain the sum of $10,000 to meet the expenses and fees of the directors as such trustees.  The property still remaining in the hands of the trustees which has not been converted into money amounts to about $132,000 face value; but its real value is uncertain and, as I suspect from the affidavits, is practically very little.  At any rate it is evident that the defendant corporation is insolvent and that its assets cannot pay in full its indebtedness.

The contention of the appellants below was and here is two-fold, viz.: (a) That the title to the said balance of account is not in the judgment debtor corporation, but is, and since the dissolution has been, in the appellant trustees, and that, therefore, said section 2446 is not applicable; and (b) that it is the implied meaning of the statute as to dissolution that the said trustees shall, in case of inability to pay all the debts of the corporation in full, pay them *pro rata*, so that the said fund should be held to await the determination of the Brown action, and, if that shall result in a judgment, the fund should be distributed *pro rata* between the two creditors.

As to the first claim, section 35 of the General Corporation Law provides that upon dissolution of the corporation the directors, unless other persons shall be appointed by the

Legislature or by some court, "shall be the trustees of its creditors, stockholders or members, and shall have full power to settle its affairs, collect and pay outstanding debts, and divide among the persons entitled thereto the money and other property remaining after payment of debts and necessary expenses." I think that this claim is well made. It appears to me to be within the fair compass and support of several decisions cited in the appellants' brief, namely, *People* v. *O'Brien* (111 N. Y. 1, 56); *Matter of Friedman* (177 App. Div. 755, 759); *De Martini* v. *McCaldin* (184 id. 222, 225). In the *Friedman Case* (*supra*) the opinion says (p. 759): "Upon the expiration of the term of corporate life of the corporation, its property was vested in its directors as trustees for the owners of the stock, subject only to the payment of the claims of creditors;" and in the *O'Brien Case* (*supra*) it says (p. 56): "From these sections it would seem that upon the dissolution of this corporation, its remaining trustees became vested with the title of its property, and responsible to its creditor and stockholders for the value thereof."

Moreover, I think that appellants' counsel is correct in his second claim, that, while the statute as to dissolution of a corporation does not in express terms provide for a *pro rata* payment of debts when the assets are insufficient to pay in full, still the general scheme of the statute requires that course to be taken and the statute may be said to provide for it by fair implication. In *Lafayette Trust Co.* v. *Beggs* (213 N. Y. 280), Judge MILLER, in the concurring opinion, speaking of the statute for the liquidation of the affairs of an insolvent bank by the Superintendent of Banks, says (p. 289): "It is true the statute does not expressly provide for a ratable distribution of assets among creditors, but such a distribution being essential to the scheme is necessarily implied. The statute is far from being a model, and it is not our province to make a new statute, still I think its provisions are workable, if effect be given to what is necessarily implied as well as to what is written." Certainly such disposition accords with natural equity.

Hence I conclude that the order appealed from was improvidently made, and that the appellant trustees should be permitted to hold the fund until the determination of the Brown action, which, however, ought to be pressed to a speedy determination.

Therefore, I advise that the order appealed from be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BLACKMAR, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.