CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee of First Refunding Gold Mortgage of BROOKLYN RAPID TRANSIT COMPANY, Appellant, *v.* AMERICAN RAILWAY TRAFFIC COMPANY et al., Respondents.

*Corporations — dissolution — assets to be applied pro rata in payment of debts where insufficient to make payment in full — when error to direct payment to sheriff of entire balance to credit of corporation for purpose of satisfying execution.*

*Central Union Trust Co. of N. Y.* v. *American Railway Traffic Co.,* 198 App. Div. 303, affirmed.

(Argued February 27, 1922; decided March 14, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 10, 1921, which reversed

an order of Special Term directing the Nassau National Bank to pay over to the sheriff of Kings county the balance of the deposit account of said defendant with it, to be applied by the sheriff upon an execution in his hands upon a judgment of the plaintiff against the defendant. The defendant corporation had been dissolved and its directors, acting as trustees, were winding up its affairs. Its assets were apparently insufficient to pay its creditors in full. Another action was pending against it. The Appellate Division held that the title to the said balance of account is not in the judgment debtor corporation, but is, and since the dissolution has been, in the appellant trustees, and that, therefore, section 2446 of the Code of Civil Procedure is not applicable; and that it is the implied meaning of the statute as to dissolution that the said trustees shall, in case of inability to pay all of the debts of the corporation in full, pay them *pro rata*, so that the said fund should be held to await the determination of the other action, and, if that shall result in a judgment, the fund should be distributed *pro rata* between the two creditors.

The following question was certified: "Is a contract-creditor of an insolvent corporation dissolved under section 221 of the General Corporation Law, which has reduced its claim to judgment after dissolution, entitled to enforce its judgment upon the funds of the corporation in the hands of liquidators in priority to and in practical exclusion of the claim of another contract-creditor who has an action pending against the dissolved corporation?"

*Henry V. Poor* and *James L. Banks, Jr.*, for appellant.

*D. A. Marsh*, for American Railway Traffic Company et al., respondents.

*Edward M. Grout, Paul Grout* and *Charles B. La Voe*, for respondent Brown.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.