BRISTOL MANUFACTURING CORPORATION, Plaintiff, *v.* ELK TEXTILE COMPANY, INC., NATHAN GROSS, ELIAS GOODMAN and SAMUEL LANDSMAN, Defendants.

Supreme Court, New York County, June, 1923.

Corporations — dissolution — rights of contract creditor — when trustees not liable — necessity for creditor to reduce his claim to judgment — General Corporation Law, §§ 90, 91 and 221.

A creditor of a corporation seeking to hold liable its trustees in dissolution for an alleged wrongful distribution of the assets of the corporation must not only proceed under sections 90 and 91 of the General Corporation Law, but must be a judgment creditor.

Upon a complaint alleging that upon the dissolution of the defendant corporation under section 221 of the General Corporation Law, the individual defendants, as directors, became possessed of all the property and assets of the defendant corporation in trust for the benefit of the creditors of the corporation, and that thereafter, as such directors and trustees, they transferred and distributed all of the property and assets of the corporation to the creditors of the corporation other than and without the knowledge and consent of the plaintiff, the prayer for relief was for judgment in favor of plaintiff for damages for breach of two contracts of manufacture and sale of goods by plaintiff to the corporation and for an accounting by the individual defendants for the property of the corporation, and that it be adjudged that plaintiff have a lien thereon for the amount of the indebtedness found to be due it, or that the property be sold to satisfy plaintiff's claim as adjudged, or the plaintiff have judgment against the defendants for the amount claimed. *Held*, that the suit, though brought under section 221 of the General Corporation Law, was not authorized thereby.

The plaintiff, as its claim now stands, has only a common-law cause of action against the corporation defendant upon which said defendant is entitled to a jury trial. The complaint, therefore, will be dismissed upon the ground that it does not state a cause of action for equitable relief.

ACTION to recover proportionately on contract debt.

*John Z. Lowe* (*Stuart G. Gibbony*, of counsel), for plaintiff.

*Strasbourger & Schallek* (*I. Gainsburg*, of counsel), for defendants.

DAVIS, J.   The defendant corporation has been dissolved and the individual defendants are the trustees in dissolution.   Plaintiff has brought this action by virtue of its right to sue created by subdivision 3 of section 221 of the General Corporation Law, which provides that the corporation shall continue in existence until its business and affairs are fully adjusted and wound up by its trustees in liquidation.   It provides that during this period the corporation may be sued for the purpose of enforcing its debts and obligations.   Plaintiff's ultimate purpose is to charge the individual defendants with such part of the defendant company's assets as is necessary to pay proportionately plaintiff's damages alleged to have been caused by defendant company's breach of two contracts to accept and pay for certain merchandise manufactured and sold to the defendant corporation by the plaintiff.   The complaint alleges that on or about November 15, 1920, the defendant corporation was dissolved under section 221 of the General Corporation Law and that thereupon the individual defendants, as directors, became possessed of all the property and assets of the defendant corporation in trust for the benefit of the creditors of the corporation, and that thereafter, as such directors and trustees, they transferred and distributed all of the property and assets of the corporation to the creditors of the corporation other than and without the knowledge and consent of the plaintiff.   Each of the two causes of action contains a statement of the contract between the plaintiff and the defendant corporation, its breach by the defendant corporation and the amount of damages caused by the breach.   The rule of damages relied upon by the plaintiff is the difference between the contract price of the goods and their market price when the goods should have been accepted, and the court is asked to render a judgment in favor of plaintiff for damages for the breach of the two contracts of manufacture and sale of goods and for an accounting by the defendants for the property of the defendant corporation and then to adjudge that the plaintiff have a lien thereon for the amount of its indebtedness herein found to be due, or that the same be sold to satisfy plaintiff's claim as adjudged, or that the plaintiff have judgment against the defendants for the amount claimed. I fail to find in section 221 of the General Corporation Law any authority for suing the individual defendants and holding them personally liable to account for a wrong distribution of the corporation assets.   Such a right, however, is created under sections 90 and 91 of the General Corporation Law, and so far as creditors are concerned only in favor of judgment creditors of the corporation.   In the case of *Cunningham* v. *Glauber*, 133 App. Div. 10, 12, the court said: " * * * In the case of

contested claims against the corporation which can be established and liquidated only by a judgment, the action should be prosecuted against the corporation, which is expressly continued in existence for that purpose. Whether or not the trustees could properly be joined as defendants in such an action in order to conclude them as to the existence of the debt and its amount, it is not now necessary to determine; but we think it is clear that the action should in any event be against the corporation and that an action does not lie against the trustees alone * * *." At the time the above decision was rendered the court was referring to the then section 57 of the Stock Corporation Law, which is the present section 221 of the General Corporation Law. See, also, *Asphalt P. & C. Co.* v. *City of New York*, 149 App. Div. 622, 631. If a creditor, as here, seeks to hold liable the trustee in dissolution he must proceed under sections 90 and 91 of the General Corporation Law, but then he must be a judgment creditor. See opinion of Presiding Justice Clarke in *Steele* v. *Isman*, 164 App. Div. 146, construing sections 1781 and 1782 of the Code of Civil Procedure, embodied in the present sections 90 and 91 of the General Corporation Law. At page 149 the court said: " There is no case cited by the respondents affecting in the slightest degree the unbroken line of authorities which hold that ' creditor ' in this statute means judgment creditor." As its claim now stands the plaintiff has only a common-law cause of action against the corporation defendant, not against the individual defendants. Moreover, it is quite apparent that if the plaintiff is allowed to prevail in this action, according to the form of its complaint the defendants will have been deprived of the right to a jury trial of the question of the breach of the contracts and the amount of damages. At the beginning of the trial and at the close of plaintiff's case and at the end of the whole case the defendants demanded a jury trial of these issues. The motions were denied provisionally. It is my present opinion that the corporation defendant is entitled to a jury trial. The complaint is dismissed upon the ground that the complaint fails to state a cause of action for equitable relief. Submit decision and judgment in accordance herewith.

Judgment accordingly.