BRISTOL MANUFACTURING CORPORATION, Appellant, *v.* ELK TEXTILE COMPANY, INC., and Others, Respondents.

First Department, May 2, 1924.

Corporations — action by seller of goods against dissolved corporation and directors as trustees for accounting of assets and to impress lien upon goods sold 'but not accepted and for money judgment against individual defendants — action not maintainable under General Corporation Law, § 221 (now Stock Corp. Law of 1923, § 105) — remedy granted to judgment creditors by General Corporation Law, §§ 90, 91 — improper joinder of causes of action — complaint not good as one in action at law for damages — cause of action at law against corporation and in equity against trustees cannot be joined under Civil Practice Act, § 211.

An action in equity by a seller of goods, which were not accepted by the buyer, a corporation since dissolved, cannot be maintained under section 221 of the General Corporation Law (now Stock Corp. Law of 1923, § 105) against the corporation and the directors thereof who are acting as liquidating trustees in dissolution for an accounting of the assets of the dissolved corporation and to

impress a lien upon the property in favor of the seller to the extent of its claim or in the event that the property cannot be found, then for judgment against the trustees personally for the amount of the claim alleged as damages for the failure of the corporation to accept the goods.

Section 221 of the General Corporation Law (now Stock Corp. Law of 1923, § 105) gives a creditor the right after dissolution to sue at law for any debt or obligation owing by the corporation, but it does not authorize the bringing of an action in equity for the breach of contract nor does it authorize the bringing of a suit against trustees in dissolution, which remedy is granted to judgment creditors by sections 90 and 91 of the General Corporation Law.

The plaintiff failed to make out a cause of action against the corporation on the theory that it was entitled to recover the amount of its damages at law in any event, because by framing its complaint as one for equitable relief plaintiff led the defendants to believe that such relief only was sought and it cannot thereafter assert that the cause of action is one at law in order to save the complaint which fails to state a cause of action in equity.

The cause of action for breach of contract against the corporation cannot be joined under section 211 of the Civil Practice Act with an equitable cause against the trustees individually since the plaintiff had no legal capacity to sue the trustees until he had become a judgment creditor by an action at law against the corporation, and not being a judgment creditor at the beginning of this action he was not entitled to any relief against all the individual and corporate defendants either jointly, severally or in the alternative.

Appeal by the plaintiff, Bristol Manufacturing Corporation, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of July, 1923, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint, with notice of intention to bring up for review on such appeal an order made at the New York Special Term and entered in said clerk's office on the 23d day of April, 1923, denying defendants' motion to strike cause from the Special Term calendar of said court, and an order made at the New York Special Term and entered in said clerk's office on the 1st day of May, 1923, denying defendants' motion to frame issues for a jury trial.

*Gibboney & Lowe* [*Stuart G. Gibboney* of counsel; *H. C. S. Stimpson* with him on the brief], for the appellant.

*I. Gainsburg* [*Joseph P. Segal* with him on the brief], for the respondents.

McAvoy, J.:

The judgment here dismissed the complaint after a trial at Special Term.

The action seeks to recover damages for failure of the defendant corporation to accept merchandise purchased by it from plaintiff, and to compel the individual defendants, directors of the defendant corporation, who are claimed to be acting as liquidating trustees

in dissolution, to account for the property of the dissolved corporation, and to impress a lien upon such property in favor of plaintiff to the extent of plaintiff's claim, or in the event that no such property can be found, that plaintiff have judgment against the defendants personally for the amount of the claims alleged as the damages of the plaintiff.

There are two causes of action, each based on a separate contract of sale. The first cause proceeds upon the failure of the defendant corporation to carry out a contract to purchase and pay for certain goods which the plaintiff was ready, willing and able to furnish, and because of defendants' default in taking and paying for the merchandise, plaintiff notified the defendants that it canceled the contract and would hold the defendant corporation liable for damages.

The complaint then alleges that the corporation was thereafter dissolved; that the individual defendants as directors became possessed upon such dissolution of all the property and assets of the corporation in trust for the benefit of creditors; that thereafter defendants did transfer and distribute all of the property to the creditors of the defendant corporation, other than plaintiff, and without plaintiff's knowledge; that there is no security furnished for the debt to plaintiff nor has its claim been liquidated in any manner and damages are asked to the extent of $9,300.

The second cause of action is based upon a second contract, dated in June, 1920, for the purchase of 500 pieces of grey cloth. It is similarly alleged that the defendant corporation failed and refused to carry out the terms of this contract and the plaintiff was ready, willing and able to perform its part. The other allegations in this cause of action are identical with those of the first cause of action, except that the damages are claimed in the sum of $4,650.

The prayer for relief demands that defendants account for the property of the defendant corporation; that plaintiff be adjudged to have a lien thereon for the amount of its indebtedness in suit or that such property be adjudged to be subject to such indebtedness or sold to satisfy the same; or that plaintiff have judgment against the individual defendants for the amount claimed, to wit, $13,950.

The answers deny all the allegations of the complaint, except that the parties were corporations; that the individual defendants were directors; that the corporation was dissolved and that the other defendants became possessed of the assets thereof for the benefit of its creditors. They also admit the cancellation of the contracts and set up a defense that they were canceled by mutual consent, and in any event that they were void and unenforcible

**7**

because of the Statute of Frauds. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571, known as the Statute of Frauds of the Sales of Goods Act.)

Before the trial came on the defendants moved to strike the cause from the Special Term calendar where it had been placed, upon the ground that the complaint did not entitle plaintiff to equitable relief, but to money damages only. This motion being denied, they moved to frame issues for a jury trial, which motion was also denied. Upon the opening of the trial defendants moved to have the case sent to Trial Term upon the ground that defendants were entitled to a jury trial. The court denied this motion and took the evidence. At the close of the plaintiff's case defendants moved to dismiss both causes of action for failure of proof to support the causes of action alleged, and on the grounds that the plaintiff rescinded the agreement at a time when defendant corporation was not itself in default. They also moved to dismiss the entire complaint upon the grounds that this cause did not fall within section 221 of the General Corporation Law because that section does not authorize such an action as that here brought.

The trial court, after the submission of the case for decision, dismissed the complaint upon the ground that it failed to state a cause of action for any equitable relief, setting forth in its opinion that section 221 of the General Corporation Law gave no authority for suing the individual defendants and holding them personally liable to account for an improper distribution of the corporation assets. It was held that such a right is created under sections 90 and 91 of the General Corporation Law, and is granted therein only in favor of judgment creditors of the corporation who may bring such an action against the individuals who are liquidating directors after dissolution. (121 Misc. Rep. 138.) It would seem that this decision is supported by the doctrine enunciated in *Cunningham* v. *Glauber* (133 App. Div. 10); *Asphalt P. & C. Co.* v. *City of New York, No. 2* (149 id. 622), and *Steele* v. *Isman* (164 id. 146).

Section 221 of the General Corporation Law, under which this action was brought, provides in subdivision 3 that upon a dissolution of a stock corporation " Said corporation shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts or obligations, until its business and affairs are fully adjusted and wound up." *

---

\* Now Stock Corp. Law of 1923, § 105, subd. 8, in effect October 1, 1923, but see Laws of 1923, chap. 787, §§ 2, 3, 5.— [Rep.

This section gives a creditor the right even after dissolution to still sue at law for any debt or obligation owing by the corporate body. There is no procedure authorized in the section for bringing an action for breach of contract into equity and avoiding a common-law trial. There is no authorization therein for bringing suit against trustees in dissolution. This remedy is granted to judgment creditors by sections 90 and 91 of the General Corporation Law. Here the plaintiff is attempting to combine the right of action against a dissolved corporation, which a simple contract creditor retains, even after dissolution under section 221, with the right of action granted only to a judgment creditor in a representative capacity against directors who act as trustees in dissolution of a dissolved corporation, and it has brought the combined action against both trustees and the corporation solely in its own behalf, although only a simple contract creditor.

It is apparent too, that plaintiff failed to make out a cause of action against the defendant corporation on the theory that it was entitled to recover the amount of its damages at law in any event because by framing its complaint as one for equitable relief, plaintiff led defendants to believe that such relief only was sought. The case was not sent to a jury part because of this equitable demand, and plaintiff having deprived defendants of a jury trial, cannot now assert that the cause of action is one at law in order to save a complaint which fails to set forth a cause of action in equity. It is apparent, too, that the causes of action on the contracts against the defendant corporation cannot be joined with an equitable cause against the defendants as directors who are trustees in liquidation for an accounting of the property of the company, since such an action does not come within the provisions of the Civil Practice Act permitting joinder of certain causes. Section 211 of the act provides that all persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative. In this case plaintiff had no legal capacity to sue defendants for its equitable cause until it had become a judgment creditor by an appropriate action at law, so it was not at the beginning of this action entitled to any relief against all the individual and corporate defendants either jointly, severally or in the alternative.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment and orders affirmed, with costs.