STEINHARDT IMPORT CORP. and MORRIS STEINHARDT and NORMAN STEINHARDT, as Liquidating Directors Thereof, Plaintiffs, *v.* CHARLES LEVY, City Marshal, and Others, Defendants.

Supreme Court, Special Term, New York County, April 25, 1940.

*Otto A. Samuels*, for the plaintiffs.

*Monroe Schiffman*, for the defendants.

WASSERVOGEL, J.   Steinhardt Import Corp., one of the plaintiffs, was dissolved on February 15, 1940, by unanimous consent of its stockholders pursuant to the provisions of section 105 of the Stock Corporation Law.   *Thereafter* and on February 26, 1940, Zell Products Corp. commenced an action against the Steinhardt corporation in the Municipal Court of the City of New York, and on March 11, 1940, recovered a judgment by default in the sum of $887.22.   Execution was issued on the judgment to the defendant Charles Levy, a city marshal, who levied upon the personal property " of the corporation in its said place of business which its directors were winding up," and on March 18, 1940, the city marshal sold the property to the defendant Conviser who assigned his bid to the defendant Klein.

Prior to the sale, the plaintiffs Morris Steinhardt and Norman Steinhardt, the liquidating directors of the Steinhardt Import Corp., claimed title was vested in them as trustees and liquidating directors for stockholders and creditors, and protested against the levy and sale.   The city marshal obtained a bond of indemnity from the judgment creditor, sold the goods, and the defendants Conviser and Klein purchased them with full knowledge of the facts.

Counsel for the parties have agreed upon the facts as stated and have submitted for determination by the court a question of law which they agree is the only issue presented in this action.

The question is, whether, after a domestic corporation has been dissolved by unanimous consent of the stockholders pursuant to section 105 of the Stock Corporation Law, its property in the hands of its liquidating directors is subject to levy and sale under an execution on a judgment recovered against the corporation *after* its dissolution for goods sold and delivered *prior* to the dissolution.

Defendants contend that section 105 of the Stock Corporation Law contemplates a dissolution by a solvent corporation only. An examination of the statute, however, fails to indicate any language to support this contention. On dissolution of the corporation the legal title to its property was vested in the directors as trustees for creditors and stockholders. The purpose of the statute was to provide for a *pro rata* distribution of the corporation's property to creditors and to prevent any one creditor from securing a preference over any other. Under the circumstances, there was no property of the corporation which was subject to levy or sale under the execution issued herein. (*Central Union Trust Co.* v. *American Railway Traffic Co.*, 198 App. Div. 303; affd., 233 N. Y. 531.)

Plaintiffs' motion for judgment on the pleadings is granted. Defendants' cross-motion for judgment on the pleadings is denied. Settle order.