In the Matter of the Application of TITLE GUARANTEE AND TRUST COMPANY, as Executor, etc., of EDWARD W. BROWNING, Deceased, for an Order to Discover Money and Property Withheld, Pursuant to Section 205 of the Surrogate's Court Act.*

LAWRENCE REISS and COAL CONTRACT CO., INC., Appellants; TITLE GUARANTEE AND TRUST COMPANY, as Executor, etc., of EDWARD W. BROWNING, Deceased, Petitioner, Respondent.

In the Matter of the Application of TITLE GUARANTEE AND TRUST COMPANY, as Executor, etc., of EDWARD W. BROWNING, Deceased, for an Order to Discover Moneys Withheld Pursuant to Section 205 of the Surrogate's Court Act. (GEORGE B. McGAHAN.)

GEORGE B. McGAHAN, Appellant; TITLE GUARANTEE AND TRUST COMPANY, as Executor, etc., of EDWARD W. BROWNING, Deceased, Petitioner, Respondent.

First Department, October 31, 1941.

* Affg. 177 Misc. 328.

*Avel B. Silverman,* for the appellants Lawrence Reiss and Coal Contract Co., Inc.

*James Dempsey* of counsel · [*Bartholomew A. Moynahan* with him on the brief], for the appellant George B. McGahan.

*William T. Griffin* of counsel [*Joseph V. McKee* with him on the brief], for the respondent.

O'MALLEY, J. The motion of the appellants Reiss and Coal Contract Co., Inc., to vacate an order for an inquiry in discovery proceedings having been made upon the face of the petition solely, the allegations of the latter must be taken as true.

Although it is alleged that the corporation is wholly owned and controlled by Reiss, there is no attempt necessarily to pierce the veil of the corporate entity. The petition alleges that not only the corporation but Reiss himself paid moneys to petitioner's agent in violation of section 439 of the Penal Law. Both appellants, therefore, must be deemed to have had and received moneys belonging to the petitioner. (*Donemar, Inc.,* v. *Molloy,* 252 N. Y. 360, 365.)

It reasonably appearing that these appellants have received moneys rightfully belonging to the petitioner, the discovery order was proper with respect to them.

As to the appellant McGahan, the petition and affidavit in opposition to the motion to vacate the discovery order reasonably disclose that he was the petitioner's agent with respect to petitioner's real estate holdings. While evidently employed by a concern known as Edbro Realty Co., Inc., from which he received his compensation, it likewise appears from his own testimony in other legal proceedings that he also acted as agent for the properties held in the name of the deceased, as distinguished from those held by him in the name of Edbro. It is with respect to the former that the discovery proceedings were brought.

Under such circumstances, the situation does not come within the purview of our decision in *Matter of Browning (Watts)* (258 App. Div. 621). It falls rather within the scope of a later decision in the same estate (260 App. Div. 1013, affg. 175 Misc. 107; leave to appeal denied, 261 App. Div. 817; 285 N. Y. 858).

The discovery order was, therefore, proper with respect to the appellant McGahan.

It follows, therefore, that the orders appealed from should be affirmed, with costs in each instance, the inquiries to proceed at a time and place to be specified in the orders to be entered hereon.

In the first proceeding: MARTIN, P. J., and GLENNON, J., concur; TOWNLEY and UNTERMYER, JJ., dissent and vote to reverse and grant the motion.

Order affirmed, with costs. The date for the examination to proceed to be fixed in the order. Settle order on notice.

In the second proceeding: MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously affirmed, with costs. The date for the examination to proceed to be fixed in the order. Settle order on notice.