## In re BONNIE CLASSICS, Inc.

United States District Court
S. D. New York.
Nov. 20, 1953.

Samuel P. Adelman, New York City, for alleged bankrupt.

Sanders & Shandalow, New York City (David L. Shandalow, New York City, of counsel), for petitioning creditors.

WEINFELD, District Judge.

This petition for review presents a single question of law, one of novel impression. Does the filing of a certificate of dissolution of a corporation, pursuant

to § 105 of the New York Stock Corporation Law, when the corporation is insolvent, constitute an act of bankruptcy under § 3, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a(5)? The Referee concluded that it did and I agree.

Section 3, sub. a(5) of the Bankruptcy Act, insofar as here pertinent, makes it an act of bankruptcy for a person who " * * * while insolvent or unable to pay his debts as they mature, procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver or trustee to take charge of his property".

Section 105(7) of the New York Stock Corporation Law, McK.Consol. Laws, in substance requires the directors of a corporation upon the filing of a certificate for its dissolution to wind up its business affairs and make proper distribution of its assets to creditors and stockholders according to their respective rights.[1]

The alleged bankrupt resists an order of adjudication in substance upon the following argument: that a director of a corporation, whether solvent or insolvent, occupies a fiduciary status, in the nature of a trusteeship, with respect to the corporate property. Accordingly, it urges that the filing of the dissolution petition is but a continuance of the director's original and existing status and does not constitute his appointment as a trustee to take charge of the corporate property; that the only effect of the petition is to impose upon the directors additional duties of winding up the corporate affairs.

■■ It is true that a director of a corporation, solvent or insolvent, is a fiduciary and his powers are powers in trust.[2] Actually, directors are not trustees in the strict, technical sense of the term, but are considered in equity as bearing a fiduciary relation to the corporation and its stockholders.[3] The fiduciary obligation is enforceable directly by the corporation, or through a stockholders' derivative action, or in the event of bankruptcy of the corporation, by the trustee.[4] But whether technically the status of director of a functioning corporation is that of a trustee or one subject to fiduciary restraints and obligations, his status in a corporation in dissolution is of a different order. The filing of a certificate for the voluntary dissolution of a corporation works significant changes in the status and powers of the directors. The statute in express terms refers to them as "trustees." [5] They become, as the New York authorities variously refer to them, "trustees in liquidation",[6] "trustees of

---

1. The section reads: " * * * such corporation by its board of directors shall proceed to adjust and wind up its business and affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of its liabilities and obligations and, after paying and adequately providing for the payment of such liabilities and obligations, to distribute the remainder of its assets among its stockholders, according to their respective rights and interests. * * * "

2. Pepper v. Litton, 308 U.S. 295, 60 S. Ct. 238, 84 L.Ed. 281; Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 599, 41 S.Ct. 209, 65 L.Ed. 425; Kavanaugh v. Kavanaugh Knitting Co., 226 N.Y. 185, 193, 123 N.E. 148.

3. Blaustein v. Pan American Petroleum & Transport Co., 263 App.Div. 97, 31 N.

Y.S.2d 934; Fletcher Cyclopedia Corporations, Permanent Ed., Vol. 3, § 838, p. 173.

4. Pepper v. Litton, 308 U.S. 295, 307, 60 S.Ct. 238, 84 L.Ed. 281; Equity Corp. v. Groves, 294 N.Y. 8, 12, 60 N.E.2d 19.

5. Subdivision 12 of § 105 of the New York Stock Corporation Law provides: "Notwithstanding the termination of the corporate existence of the corporation, any valid and subsisting claims and demands which shall have been filed as provided in paragraph ten of this section may be prosecuted, and any suits pending at the date of such termination of existence may proceed, against the surviving directors, as trustees, who may continue to be sued in the corporate name."

6. Bristol Mfg. Corporation v. Elk Textile Co., Inc., 209 App.Div. 95, 204 N.Y.S. 427, 430.

the dissolved corporation's assets",[7] "trustees of its assets," [8] or "trustees for the benefit of creditors of the corporation." [9] In the instance of a corporation not in dissolution, the legal title to all its assets is in the corporation. In the case of a corporation in dissolution, the New York courts have ruled that "the legal title to its property was vested in the directors as trustees for creditors and stockholders." [10] Under this conception it has been held that there is no property of the corporation against which creditors may proceed to enforce judgment obtained against the corporation and they are relegated to pro rata distribution of assets in the dissolution proceedings.[11]

■ In legal effect, the filing by the corporation of the petition for its voluntary dissolution resulted in the appointment of the directors as trustees to liquidate the corporation to the same extent as if the petition named them as such in haec verba, as was the case under the Connecticut statute considered in In re C. H. Bennett Shoe Co., D.C., 140 F. 687. If such formal differences in the various state statutes of dissolution for corporations are to control, then a convenient means is at hand to exclude insolvent corporations from the scope of the Bankruptcy Act through state dissolution proceedings—precisely what the Supreme Court held many years ago could not be done. "[T]he operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes." [12]

■■ I do not think it is necessary to resort to dictionary definition of "appointment." [13] It is not required that the transferee of the property be formally "appointed" as "trustee" by a ceremonial document referring to him as such. The method adopted to effect the transfer is immaterial. It is the end result that counts.[14] Any action by one who is insolvent which effectively causes the transfer of his property to another for final liquidation purposes appoints the transferee a "trustee to take charge of his property" under § 3, sub. a(5).[15] By filing the petition for its dissolution the corporation "procured, permitted or suffered voluntarily * * * the appointment" of such a trustee. Any other construction would defeat the objectives of the Bankruptcy Act and abort the broad powers of the courts of bankruptcy intended for the uniform administration of insolvent estates.[16]

Were the position contended for by the alleged bankrupt to be upheld it would at once be the effective means of defeating the exclusive jurisdiction of the bankruptcy courts. It would enable di-

7. Sanitary Brass Works, Inc., v. Rubin & Marcus, Inc., 110 Misc. 565, 180 N.Y.S. 619, 620.

8. Asphalt Paving & Contracting Co. v. City of New York, 149 App.Div. 622, 134 N.Y.S. 433, 439; Bank of New York v. Kennedy, 183 Misc. 819, 54 N.Y.S.2d 122, affirmed 269 App.Div. 747, 55 N.Y.S. 2d 115.

9. Marine Trust Co. of Buffalo v. Tralles, 147 Misc. 426, 263 N.Y.S. 750, 753.

10. Steinhardt Import Corporation v. Levy, 174 Misc. 184, 185, 20 N.Y.S.2d 360, 361, cited with approval in In re Flexlite Corporation, 180 Misc. 718, 43 N.Y.S.2d 948, 949. See also: John H. Giles Dyeing Mach. Co. v. Klauder-Weldon Dyeing Mach. Co., 233 N.Y. 470, 476, 135 N.E. 854; In re Friedman, 177 App.Div. 755, 164 N.Y.S. 892; Atlantic Dredging Co.

v. Beard, 145 App.Div. 342, 130 N.Y.S. 4.

11. In re Flexlite Corporation, 180 Misc. 718, 43 N.Y.S.2d 948; Bristol Mfg. Corporation v. Elk Textile Co., Inc., 209 App.Div. 95, 204 N.Y.S. 427.

12. In re Watts & Sachs, 190 U.S. 1, 27, 23 S.Ct. 718, 724, 47 L.Ed. 933.

13. Cf. Cabell v. Markham, 2 Cir., 148 F. 2d 737, affirmed 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165.

14. Cf. 1 Collier on Bankruptcy, 14 Ed., p. 478; 1 Remington on Bankruptcy, 5th Ed., § 160.

15. Cf. Elfast v. Lamb, 2 Cir., 111 F.2d 434; In re Hercules Atkin Co., D.C.Pa., 133 F. 813.

16. Cf. Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281.

rectors whose administration brought a corporation to its insolvent plight to take charge of the corporate assets and their distribution to the exclusion of creditors and deny the latter the right to select their own trustee. It would provide a neat way for derelict directors to gain immunity from the investigative and discovery techniques and summary procedures set up under the Bankruptcy Act. In sum, it would deprive creditors of the comprehensive powers of the Bankruptcy Act aimed at the expeditious recovery of assets which may have been diverted or transferred from an insolvent estate. The history of the Bankruptcy Act makes it clear that no such untoward result was contemplated by § 3, sub. a (5).

The report of the Referee is confirmed.