In the Matter of the Compulsory Accounting of MOLLIE GREEN-BERG, as Executrix of ISADORE GREENBERG, Deceased.

Surrogate's Court, Kings County, July 19, 1955.

*Jacob K. Javits, Attorney-General (Francis R. Curran* and *George Grau* of counsel), for Industrial Commissioner of the State of New York, petitioner.

*Yellon, Banno, Lombardo & Verrilli* for executrix, respondent.

Moss, S.  This is a compulsory accounting proceeding instituted by the Industrial Commissioner of the State of New York. He alleges that he is a judgment creditor of a corporation, the entire stock of which was owned by the testator at his death, and therefore is a person interested in the estate.

Testator died on September 17, 1949.  Letters testamentary on his estate were issued on November 9, 1949, to his widow, who was the sole beneficiary under his will.  It is claimed that as early as December 9, 1947, the commissioner made an assessment for unemployment insurance taxes against the corporation, which the testator contested and which contest was continued by the executrix.  The executrix sold on August 15, 1950, all of the corporate merchandise and business for the sum of $11,500. The commissioner procured a judgment which was filed on December 11, 1953, in the sum of $1,737.31.

The commissioner's claim is unquestionably against the corporation, and while an estate fiduciary is under a duty to account for all assets received by him, including the assets of a corporation owned by his decedent (*Matter of Steinberg*, 153 Misc. 339), the estate fiduciary is not required to administer the corporate business as if it were part of the estate (*Matter of Browning*, 258 App. Div. 621, 623, appeal dismissed 282 N. Y. 804).  By the same token, a corporate creditor may not ignore the corporate entity and instead seek payment of its claim from the estate fiduciary.  If such a practice were permitted, it is easy to conceive that a preference might easily result in favor of the creditor seeking relief against the estate, for in such a proceeding in this court no inquiry would be made for known and unknown creditors.  Creditors of a corporation will rest far more secure in the knowledge that one creditor cannot in this forum obtain full payment of his claim without notice to them and without regard to the rights of other creditors.

The sale of all the corporate assets may be considered in the nature of a voluntary dissolution of the corporation.  On dissolution of a corporation, the legal title to its property is vested in the directors as trustees for creditors and stockholders (*Steinhardt Import Corp.* v. *Levy*, 174 Misc. 184; *Central Union Trust Co. of N. Y.* v. *American Ry. Traffic Co.*, 198 App. Div. 303 affd. 233 N. Y. 531; *Matter of Friedman*, 177 App. Div. 755, 759)

The existence of the corporation is continued for the purpose of paying and satisfying any existing liabilities (General Corporation Law, § 29). The commissioner therefore may pursue the collection of his judgment in another forum. He cannot however effect such collection in the Surrogate's Court as he is neither a creditor nor a person interested in the estate as defined in subdivisions 3 and 10 of section 314 of the Surrogate's Court Act. As petitioner lacks the necessary status to permit the institution of this proceeding under paragraph a of subdivision 1 of section 259 of the Surrogate's Court Act, the petition is dismissed.

The commissioner's request that the court on its own motion direct the executrix to account under the provisions of section 258 of the Surrogate's Court Act, is denied as no necessity for an accounting has been disclosed by the record, the executrix having acquired legal title to all estate assets by reason of being the sole legatee under testator's will (*Blood* v. *Kane,* 130 N. Y. 514). Settle order on notice.