<hr />

LABINSKS v. HOLST.

(Supreme Court, Appellate Term.   November 18, 1903.)

1. AGENCY—EVIDENCE—COMMISSIONS.
    A servant is not entitled to commissions for using his influence with his employer to induce the latter to enter into a contract with defendant, unless the fact that the servant has a personal interest in the contract is disclosed to the employer.

Appeal from Municipal Court, Borough of Manhattan.

Action by David W. Labinsks against Christ Holst. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Arthur G. Frank, for appellant.
David W. Rockman, for respondent.

BLANCHARD, J. The plaintiff was employed by one Greenstein as a bookkeeper, and he brought this action against the defendant to recover $100 for commissions which he claims to have earned by having induced his employer, Greenstein, to enter into two contracts with the defendant. The court below found in his favor, and the defendant appeals.

A reversal of the judgment is asked on several grounds, but only one need be considered. The appellant contends that the plaintiff is not entitled to the commissions for the reason that said commissions would be in derogation of his employer's interest. This contention is supported by abundant authority. The plaintiff had no right, while in the employment of Greenstein, to use his influence to induce his employer to make any contract in which the plaintiff had

a personal interest, without first fully disclosing the fact of such interest to his employer (Spyer v. Fisher, 37 N. Y. Super. Ct. 93; Cassard v. Hinman, 19 N. Y. Super. Ct. 8); and the evidence that the plaintiff's employer had knowledge of such personal interest of the plaintiff must be clear and convincing. Greenstein denied positively that he had such knowledge. If the commissions are due and payable at all, Greenstein would seem to be entitled to them, and not the plaintiff. Howe v. Savory, 49 Barb. 403, affirmed 51 N. Y. 631.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide event. All concur.