Brockport-Holley Water Company, Respondent, *v.* The Village of Brockport, Appellant.

Contract — action by water company against municipality to recover rentals claimed to be due under contract to furnish water for fire service at a certain pressure — construction of contract — liability of municipality.

1. Defendant agreed to pay plaintiff an annual rental for hydrants for fire service, plaintiff to maintain a certain pressure of water therein "except in case of unavoidable accident." The contract provided also that no rental should be paid for such time as fire protection is not furnished. The jury found that a failure to maintain the water pressure service required was owing to natural causes over which plaintiff had no control and was in the nature of an unavoidable accident. *Held*, that the plaintiff is entitled to recover the contract price for the time in which it maintained the water pressure specified in the contract; but for the time that it failed to maintain such pressure it is not entitled to recover the rental specified in the contract.

2. The defendant continued to use such water as the plaintiff was able to furnish during the entire term of the contract. *Held*, that the court correctly charged, "If you find that the defendant has had the benefit of whatever services the plaintiff was able to give and has used it, then, gentlemen, the plaintiff would be entitled to a verdict at your hands for the reasonable value of the service rendered by it and accepted by this defendant, after deducting whatever damage it has sustained and proved on account of the plaintiff being unable to furnish the contract pressure." *Held*, further, that the contract price for rental of hydrants for fire protection affords no proper basis for the determination of the value of the service of water alone.

*Brockport-Holley Water Co.* v. *Vil. of Brockport*, 138 App. Div. 913, reversed.

(Argued October 25, 1911; decided November 28, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 6, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John D. Burns* for appellant. The plaintiff failed to fulfill its contract, and was not entitled to recover. (*People* v. *N. R. W. Co.*, 38 N. Y. S. R. 92; *Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Oakley* v. *Morton*, 11 N. Y. 25; *Roberts* v. *Opdyke*, 40 N. Y. 259; *Glacius* v. *Black*, 50 N. Y. 145; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Sager* v. *Gonnermann*, 50 Misc. Rep. 500; *Belfast Water Co.* v. *City of Belfast*, 92 Me. 52.) It was error to permit the plaintiff to give in evidence excuses for the non-performance of its contract. (*Harmon* v. *Bingham*, 12 N. Y. 99; *Logan* v. *Consolidated Gas Co.*, 107 App. Div. 384; *P. P. & C. I. R. R. Co.* v. *C. I. & B. R. R. Co.*, 144 N. Y. 152; *Wheeler* v. *Conn. M. L. Ins. Co.*, 82 N. Y. 543; *Booth* v. *S. D. R. M. Co.*, 60 N. Y. 487; *Ward* v. *H. R. Building Co.*, 125 N. Y. 230; *Cobb* v. *Harmon*, 23 N. Y. 148; *Howell* v. *Coupland*, L. R. [9 Q. B.] 462;

*Anderson* v. *May*, 52 Minn. 280.) The damages which plaintiff claimed were not established by competent legal evidence. (*Wolfe* v. *Howes*, 20 N. Y. 197; *Gaynor* v. *Jonas*, 104 App. Div. 35; *Allen* v. *McKibben*, 5 Mich. 449; *S. W. Co.* v. *Skowhegan Village*, 66 Atl. Rep. 714, *W. W. Co.* v. *Winfield*, 51 Kans. 104; *Chamboard* v. *Cagney*, 23 J. & S. 474; *Tenpenny* v. *C. E. Ins. Co.*, 43 N. Y. 279; *Ives* v. *Quinn*, 7 Misc. Rep. 155; *Jones* v. *Morgan*, 90 N. Y. 4; *Gregory* v. *Fichtner*, 14 N. Y. Supp. 891.)

*W. A. Matson* for respondent. No error was committed by the court in the reception of evidence or in the submission of the case to the jury. (*S. W. Co.* v. *Skowhegan Village*, 102 Me. 323; *W. W. Co.* v. *Winfield*, 51 Kans. 104; *Kaufman* v. *Raeder*, 108 Fed. Rep. 171; *City of St. Charles* v. *Stookey*, 151 Fed. Rep. 766; *Brown* v. *Foster*, 108 N. Y. 387; *Omaha Water Co.* v. *City of Omaha*, 156 Fed. Rep. 922; *Allen* v. *McKibbin*, 5 Mich. 449; *Studer* v. *Bleistein*, 115 N. Y. 316; *Chambers* v. *Lancaster*, 160 N. Y. 342.)

HAIGHT, J. The plaintiff is a public service domestic corporation and brings this action to recover from the defendant, a municipal corporation, the contract price for the rental value of hydrants and the water supplied for fire and other services. The complaint contains two counts, one based upon contract and the other for the value of the services rendered and water supplied. The answer denies performance of the contract on the part of the plaintiff and alleges a counterclaim for money expended in procuring an engine and operating the same.

The contract under which the plaintiff seeks to recover provides as follows: " *Thirteenth.* The village hereby agrees to pay to the Company an annual rental of $2,750 for the seventy-two hydrants, now located on its existing mains, during the fulfillment of the conditions of this fire

26

service agreement by the said Company; also $37.50 per year for each additional hydrant in excess of seventy-two located hereafter on now existing mains, said annual rental to be paid in equal quarterly installments at the end of each quarter in which the Company has faithfully performed all the stipulations and promises of this agreement, the said payments to be made at the first regular meeting of the Board of Trustees in the months of December, March, June and September of each year. The first payment shall be due September 1st, 1903. The Company agrees constantly, day and night, except in case of unavoidable accident, to keep all said water mains and hydrants supplied with water, in good order and efficiency, and with such pressure of water therein as will furnish prompt and efficient fire streams therefrom when hose is properly attached and used, but at no time less than fifty-five pounds pressure at public building, to be tested by a gauge to be furnished by the company, except that in September and October the pressure shall be at least fifty pounds. In case of fire the direct pressure shall be given from pumping station. No rental shall be paid for such time as fire protection service is not furnished." This contract was entered into on the 23d day of April, 1903, and was to continue for a period of five years.

The main question of fact litigated upon the trial was as to whether the plaintiff had committed a breach of the contract. It was conceded that it had failed to maintain the water pressure required by the contract, but it sought to excuse this failure upon the ground of unavoidable accident, owing to the fact that a long drought had so dried up the wells which furnished the plaintiff's supply of water that it was impossible to maintain the pressure required. This question the trial court submitted to the jury with the instruction: "If you shall find from the evidence that when it was discovered by the plaintiff that the water supply was failing, that there was another available supply that could have been had and the plaintiff

knew of it and did not exercise active vigilance to try and increase its supply, but, in effect, did not make an honest effort to increase it, and because of that, failed to furnish the contract pressure, if you find these facts from the evidence, gentlemen, the plaintiff could not recover when the pressure was below the contract pressure and your verdict would be for the defendant. But if you shall find that the failure in the pressure was owing to natural causes over which the plaintiff had no control, and that as soon as it was known that the supply was failing the plaintiff made an honest effort to augment its water supply and exercised active vigilance to do so from any supply that was known to it and which was available and sufficient; if you find that the defendant has had the benefit of whatever services the plaintiff was able to give and has used it, then, gentlemen, the plaintiff would be entitled to a verdict at your hands for the reasonable value of the service rendered by it and accepted by this defendant after deducting whatever damage it has sustained and proved on account of the plaintiff being unable to furnish the contract pressure."

In view of the fact that the jury found a verdict in favor of the plaintiff it must be deemed to have found the question of fact so submitted in favor of plaintiff and, inasmuch as the judgment has been unanimously affirmed, we are in our review bound by such determination. Assuming, therefore, the facts to be as found, the question arises as to the rule of damages that should be applied in this case. This involves a construction of the contract. It provides for the payment by the village to the company of an annual rental for the hydrants located on its existing mains for fire service. In consideration of such rental the company agrees constantly, day and night, except in case of unavoidable accident, to keep all its water mains and hydrants supplied with water in good order and efficiency and with such pressure of water therein as will furnish prompt and efficient fire streams therefrom when

hose is properly attached and used, but at no time less than fifty-five pounds pressure except in September and October when it shall be at least fifty pounds; and then comes the provision that "no rental shall be paid for such time as fire protection service is not furnished." As we understand this agreement, its design and purpose was to furnish fire protection as well as service of water in case of fire. It is so recited in the preamble of the contract. The provision for keeping the water pressure at a specified figure, day and night, was designed to afford protection from damages resulting from fires. For, if a fire was discovered, the means would be at hand to quickly extinguish it and thus prevent the destruction of property and the damages resulting therefrom. It would, consequently, follow that, had the plaintiff kept the pressure at the point specified in the contract it would be entitled at the end of each quarter to receive the specified rental, even though in the meantime it had not been required to furnish a pail of water for the extinguishment of fires. We think it also follows that, in view of the finding of the jury, that the failure of the plaintiff to maintain the pressure required was owing to causes over which it had no control and was in the nature of "unavoidable accident," the plaintiff is entitled to recover the contract price for the time in which it maintained the water pressure specified in the contract; but for the time that it failed to maintain such pressure it is not entitled to recover the rental specified in the contract. We do not, however, think that a failure to maintain the pressure for a part of three months would justify the village in refusing to pay any portion of the quarterly rental; for, if that construction should be adopted, then an unavoidable accident which should prevent the plaintiff from maintaining the pressure for a single day would deprive it of the right to recover any rental whatever for the remaining quarter of the year. We, therefore, think that the plaintiff, under the contract, should

be paid for the time it actually maintained the pressure required and that for the time that it failed to maintain the pressure it cannot recover under the provisions of the contract.   It has been suggested that fire protection was afforded, even though the company did not maintain the specified pressure.   Doubtless it did, to some extent, but the difficulty is that the contract specified the pressure which should constitute protection under its terms and specifically provided that no payment should be made for protection which did not comply with the provisions of the contract.

Under the second cause of action set forth in the complaint the plaintiff alleges the service of water to the defendant and asks to recover for its reasonable value. It appears that, notwithstanding the drought and the failure of the plaintiff to maintain the pressure of water specified in the contract, the village continued to use such water as the plaintiff was able to furnish and continued to do so during the entire term of the contract and at the end thereof renewed the same.   Upon this branch of the case the trial court charged the jury: "If you find that the defendant had the benefit of whatever services the plaintiff was able to give and has used it, then, gentlemen, the plaintiff would be entitled to a verdict at your hands for the reasonable value of the services rendered by it and accepted by the defendant, after deducting whatever damage it has sustained and proved on account of the plaintiff being unable to furnish the contract pressure."   This charge does not appear to have been excepted to by either party and it appears to us to constitute the correct rule which should be applied in determining the amount that should be awarded the plaintiff in this case.   Under the contract the plaintiff can recover nothing for fire protection for the time in which the pressure required was not maintained, but in view of the fact that the village has accepted and received water service from the plaintiff for such period it is but

right that it should pay for the water so furnished its fair and reasonable value. The plaintiff claims that such value is proportionally the same as the contract price for rental service dependent upon the number of pounds pressure, and in order to prove this the plaintiff produced an expert witness upon the stand and asked him the following question: "Assume that the contract price for hydrant rental service is $37.50 for fifty-five pound service; or assume that is what fifty-five pound service is worth, $37.50 per hydrant per year, are you able to state what the variation pound service that is rendered, fifty-four pounds, fifty-three pounds, fifty-two pounds and so on down to nothing, of what value that is in the market to the Village of Brockport or others, similarly using the service?" The witness having answered that he was able to state, was then asked, "What is that value?" This was objected to as incompetent, immaterial and irrelevant, etc. The objection was overruled and an exception was taken, and the witness answered: "I should consider the service worth a *pro rata* price based upon the pressure." A motion was then made by the defendant to strike out the answer, but the court ruled that it might stand, and a further exception was taken. The witness then illustrated, stating: "If fifty-five pounds pressure was worth a certain sum of money, fifty-three pounds would be fifty-three fifty-fifths of that sum, and so on; and likewise, five pounds would be worth five fifty-fifths of that sum." We are of the opinion that these exceptions were well taken and that the plaintiff failed to prove the fair value of its services in furnishing water. As we have already shown, the contract included fire protection of a specified character, as well as service of water in case of fire; and under the contract, if the fire protection was not furnished, no payment was to be made therefor. This, therefore, limits the plaintiff to the recovery for the value of the service in furnishing water only, and, in determining that value, the contract price

for rental of hydrants for fire protection affords no proper basis for the determination of the value of the service of water alone.

Complaint is made with reference to a number of other rulings made in regard to admission of evidence on behalf of the plaintiff. Some of the rulings were of doubtful propriety, but we do not deem it necessary to now consider them in detail, further than to suggest that the financial straits of the plaintiff form no legal excuse or justification for its failure to perform its contract, and the fact that the insurance companies have not as yet seen fit to raise the risks of insurance does not in any respect relieve the plaintiff from the discharge of its duty to the village. For the errors above alluded to, the judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, WERNER, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.