MERCHANTS'· LINE, Appellant, v. BALTIMORE AND OHIO RAILROAD COMPANY, Respondent.

**Crimes — bribery — contract — action to recover sum due on a contract — defense that plaintiff bribed employee of defendant to procure execution of the contract — when such defense cannot be sustained.**

Where plaintiff, in violation of section 439 of the Penal Law, agreed to give one of defendant's employees a percentage on the moneys to be received under its contract with the defendant in consideration of his promise to aid in securing the execution of such a contract, and there is no evidence to indicate that the employee bribed by plaintiff had anything to do with the making of the contract or that he influenced in any way the execution thereof, plaintiff's right to recover on the contract is not forfeited.

*Merchants' Line* v. *B. & O. R. R. Co.*, 170 App. Div. 972, reversed.

(Argued December 13, 1917; decided January 22, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 27, 1915, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Farrell* for appellant. The undisputed facts show that plaintiff's contract was not procured by violation of the Penal Code. (*Tousey·*v. *Hastings*, 194 N. Y. 79; *Getty* v. *Williams Silverware Co.*, 221 N. Y. 34.)

*Robert H. Neilson* and *Henry E. Chapin* for respondent. The plaintiff upon the making of the contract offered, and during its continuance gave, without any knowledge or consent on the part of the defendant, a gratuity or commission to its lighterage agent, with intent to influence his action in regard to his employer's business, in direct violation of section 439 of the Penal Law. The present

action is an attempt to enforce this illegal contract and cannot be maintained. (*Sirken* v. *F. S. Store*, 124 App. Div. 384; *C. W. Paper Co.* v. *Voight*, 212 U. S. 227; *McMullen* v. *Hoffman*, 174 U. S. 639; *Veazey* v. *Allen*, 173 N. Y. 359; *Standard Lumber Co.* v. *Butler Ice Co.*, 146 Fed. Rep. 359; *Atcheson* v. *Mallon*, 43 N. Y. 147; *Leonard* v. *Poole*, 114 N. Y. 371; *Strauss Linotyping Co.* v. *Schwalbe*, 159 App. Div. 347; *General Tire Repair Co.* v. *Price*, 115 N. Y. Supp. 171; *Holman* v. *Thomas*, 171 Fed. Rep. 219, 222; *Ellison* v. *Adams Express Co.*, 245 Ill. 410.) The direction of a verdict in favor of the defendant by the trial court was proper upon the undisputed evidence of the plaintiff's violation of the statute. (*Bulger* v. *Rosa*, 119 N. Y. 459; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Matter of Case*, 214 N. Y. 199; *Oscanyan* v. *Arms Co.*, 103 U. S. 261.)

HISCOCK, Ch. J. This action was brought to recover rent for some barges leased by the plaintiff to the defendant. The main defense and the only one which requires any consideration from us on this appeal was and is the one that plaintiff in violation of section 439 of the Penal Law, agreed to give one of defendant's employees a percentage on the moneys to be received under its contract with the defendant in consideration of his securing the execution of such a contract. Said section of the Penal Law, so far as here material, reads as follows: " Whoever gives, offers or promises to an agent, employee or servant, any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employee or servant, with intent to influence his action in relation to his principal's, employer's or master's business, * * *; or an agent, employee or servant, who, being authorized to procure materials, supplies or other articles either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master,

receives directly or indirectly, for himself or for another, a· commission, discount or bonus from the person who makes such sale or contract, or furnishes such materials, supplies or other articles, or from a person who renders such service or labor; and any person who gives or offers such an agent, employee or servant such commission, discount or bonus shall be guilty of a misdemeanor."

In our opinion the judgment must be reversed, even though we assume for the purposes of this discussion that the courts would not enforce the present alleged cause of action if it had appeared that the same was based upon a contract secured and tainted by plaintiff's violation of the Penal Law although fully executed on its part. (*Schanck* v. *Schuchman*, 212 N. Y. 352, 359; *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384; *Standard Lumber Co.* v. *Butler Ice Co.*, 146 Fed. Rep. 359; *Duval* v. *Wellman*, 124 N. Y. 156; *Pratt* v. *Short*, 79 N. Y. 437; *Woodworth* v. *Bennett*, 43 N. Y. 273; *Gray* v. *Hook*, 4 N. Y. 449; *Palmer* v. *Doull Miller Co.*, 233 Fed. Rep. 309.)

The reason for this reversal is found in the fact that there is no evidence to indicate that the employee bribed by plaintiff had a thing to do with the making of the contract or that he influenced in any way the execution thereof. The contract was made by defendant through another official who knew nothing of the corrupt arrangement made by the plaintiff with the unfaithful employee of the defendant and there is no evidence to show that the latter had any communication with the former or that he in any manner even attempted to secure the contract for plaintiff. So far as the present evidence discloses the plaintiff's representatives were lacking in sagacity as well as good morals and were thereby led into an attempt to corrupt the wrong man. The only result of their unlawful methods seems to have been that they unnecessarily gave up to a pretender a part of the proceeds which they were entitled to receive from

defendant and did not gain a thing, even in an unlawful way, by so doing.

There is no case which holds that under such circumstances the present contract should be held void. The unlawful acts of the plaintiff have not in any manner entered into, affected or tainted it and in that respect the case differs fundamentally from the cases above cited and especially from the case of *Sirkin* v. *Fourteenth Street Store* (124 App. Div. 384), greatly relied upon by the defendant. In that case the plaintiff reached and bribed the man who made the contract under which he was seeking to recover.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CHASE, COLLIN, HOGAN, CARDOZO and ANDREWS, JJ., concur; CRANE, J., not sitting.

Judgment reversed, etc.