DONEMAR, INCORPORATED, Appellant, *v.* JAMES MOLLOY et al., Respondents.

(Argued November 25, 1929; decided January 7, 1930.)

*Charles H. Kelby, Thomas E. O'Brien, John B. Doyle* and *Robert A. Huddleston* for appellant. The issue of liability is closed in favor of plaintiff, because defendants have not appealed and because all controverted and inferable facts in support of that issue were established by the jury's verdict in favor of the plaintiff. (*Water Co.* v. *Village of Brockport,* 203 N. Y. 399; *Thompson* v. *Simpson,* 128 N. Y. 270; *Smith* v. *Weston,* 159 N. Y. 194; *Colaizzi* v. *Penn. R. R. Co.,* 143 App. Div. 638.) Upon the facts as found by the jury plaintiff was entitled to recover from both defendants the sum of $4,555.05, with interest, as money had and received to the plaintiff's use and benefit. (*Wendt* v. *Fisher,* 243 N. Y. 439; *Selwyn & Co.* v. *Waller,* 160 App. Div. 725; 212 N. Y. 507; *Spencer* v. *Towles,* 18 Mich. 9; *Hitchcock* v. *Watson,* 18 Ill. 289; *Phelps* v. *Reider,* 39 Ill. 172; *Koch* v. *Roth,* 150 Ill. 212; *Patten* v. *Hamilton,* 1 Irish Rep. [1911] 46; *Murray* v. *Beard,* 102 N. Y. 505; *Slater* v. *Slater,* 208 App. Div. 567; 240 N. Y. 557; *Dutton* v. *Willner,* 52 N. Y. 312; *Marshall* v. *Sackett & Wilhelms Co.,* 181 App. Div. 157; *Reis & Co.* v. *Volck,* 151 App. Div. 613; *Murphy* v. *Harrison Granite Co.,* 168 App. Div. 723.) The verdict was due to the

court's erroneous instruction that the jury might make a finding of nominal damages. (*Hovenden & Sons* v. *Millhoff*, 83 L. T. 41; *Salford Corp.* v. *Lever*, 63 L. T. 658; 1 Q. B. 168; *Grant* v. *Gold Exploration & Development Syndicate*, 82 L. T. 5; 1 Q. B. 233.)

*Denis O'L. Cohalan* and *John H. Waters* for James Molloy, respondent. The complaint does not state a cause of action. (*Vail* v. *Reynolds*, 118 N. Y. 297; *Brackett* v. *Griswold*, 112 N. Y. 454; *Reno* v. *Bull*, 226 N. Y. 546; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Lamphere* v. *Lang*, 213 N. Y. 585.) The evidence does not warrant a verdict for plaintiff even in nominal damages. (*Merchants' Line* v. *B. & O. R. R. Co.*, 222 N. Y. 344.) A nominal verdict for plaintiff is equivalent to a verdict for the defendant. (*Corn Novelty Co., Inc.,* v. *Norwich Union Fire Ins. Soc., Ltd.*, 176 App. Div. 261.)

*Charles Chambers* for Hugh Cafferky, respondent. The complaint did not allege, nor did the trial establish, a misrepresentation by the defendant Cafferky, to the injury of the plaintiff. (*Brackett* v. *Griswold*, 112 N. Y. 454; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Reno* v. *Bull*, 226 N. Y. 546; *Adams* v. *Clark*, 239 N. Y. 403.) The charge of the trial justice contains no error of which the plaintiff can complain. (*Corn Novelty Co.* v. *Norwich Union Fire Ins. Soc., Ltd.*, 176 App. Div. 261.)

POUND, J. Briefly stated, the claim of the plaintiff is that defendant Molloy corrupted defendant Cafferky, an employee of plaintiff, when acting for his employer in the adjustment of a disputed claim for merchandise sold which Molloy had against plaintiff, with the result that plaintiff was induced to pay $57,500 in settlement of the claim, of which $4,555.05 went to Cafferky as a gratuity or compensation for Cafferky's efforts to obtain

a settlement favorable to Molloy. Judgment is demanded against defendants for this sum. The complaint contains the following allegation:

" *Eighth*. Pursuant to said secret, corrupt, unlawful and fraudulent promises and agreements by and between the defendants they represented to the plaintiff on and prior to January 23, 1923 at the City, County and State of New York that the aforesaid sum of $57,500 was the minimum net amount which the defendant Molloy would accept from the plaintiff in full settlement and discharge of the aforesaid claims, and believing and acting upon said representation the plaintiff, induced thereby and relying thereon, agreed to said amount and made said cash payment and executed and delivered said notes to the amount of $57,500; but in truth and in fact the defendant Molloy was willing to and did accept in full settlement said sum of $57,500 less the said sum   *   *   * which he corruptly, unlawfully and fraudulently promised and agreed to pay the defendant Cafferky, as aforesaid."

This claim was denied by defendants. In particular, it is denied that Cafferky had anything to do with making the settlement. (*Merchants' Line* v. *B. & O. R. R. Co.*, 222 N. Y. 344.) The jury found a verdict in favor of plaintiff against both defendants for the sum of six cents. The appellant claims that this was a verdict in favor of plaintiff on the question of the corrupt agreement and Cafferky's part in the settlement; that upon the facts found the plaintiff was entitled to recover from both defendants the sum of $4,555.05, with interest from November 20, 1923, and that the verdict was due to erroneous instructions, properly excepted to, on the subject of nominal damages.

The instructions of the court were to the effect that, even if they found that the corrupt bargain was entered into between Molloy and Cafferky, and that Cafferky was instrumental in bringing about the settlement, unless the plaintiff established some disparity between the

value of the goods received by it from Molloy and the consideration paid by plaintiff in settlement of Molloy's claim against it, nominal damages only could be awarded. In other words, if Molloy's merchandise was paid for at fair prices the plaintiff has had a just return for every dollar it parted with and defendants can keep the money paid in settlement with a good conscience. The principle relied on is stated in *Schank* v. *Schuchman* (212 N. Y. 352, 359) as follows: " The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain." It is, therefore, argued by respondents that as the jury has found that plaintiff has received full value for its money, it has also found that plaintiff was not damaged by the payment of a gratuity and that the verdict of the jury is in effect a verdict for the defendants.

The question of law is: What is the position of the vendor of property who pays a secret commission to a person whom he knows to be an agent of the vendee in effecting a settlement?

The English rule is to the effect that the court will assume as against the briber that the true price of the goods as between him and the purchaser must be taken to be less than the price paid to, or charged by, the vendor, by, at any rate, the amount or value of the bribe. (*Grant* v. *Gold Exploration & Development Syndicate, Ltd.*, [1900] 1 Q. B. 233, 244.)

This rule is not in conflict with *Schank* v. *Schuchman* (*supra*). There the action was to recover as money had and received all moneys which the defendant had received from plaintiff for wares and services because of secret commissions paid by the vendor to the agent of the vendee. Here the action is to recover the amount of the secret commissions only. The law does not go so far

as to nullify the entire transaction where the vendor has received and used the merchandise. If, however, a vendor bribes a purchaser's agent it must be assumed that the purchase money is loaded by the amount of the bribe. The vendor has had and received money which belongs to the purchaser to the extent of the bribe which neither the vendor nor the unfaithful agent may in conscience and good morals retain.

Penal Law, section 439, makes it a misdemeanor to give or receive money for the corrupt influencing of agents, employees or servants. It would be a strange miscarriage of justice if the corrupting vendor and the corrupted agent of the vendee could retain the fruits of their crime and say that because the settlement was a fair one, the vendee sustained only nominal damages or no damages.

The fact that the jury found a verdict in favor of the plaintiff implies a finding that the corrupt agreement was entered into between Molloy and Cafferky (*Brockport-Holly Water Co.* v. *Village of Brockport*, 203 N. Y. 399, 403), but we are not bound in our review by such determination. Questions of fact still remain in the case for the determination of a jury under proper instructions.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ.; concur; CARDOZO, Ch. J., not sitting.

Judgments reversed, etc.