In the Matter of the Estate of Edward W. Browning, Deceased.

Surrogate's Court, New York County, November 1, 1939.

Joseph V. McKee, for the petitioner.

Reit & Reit, for the respondents Hackman.

Delehanty, S. The allegations of the petition, if true, establish that respondent Harry Hackman while an employee, agent and officer of Edbro Realty Co., Inc., a corporation wholly owned by deceased in his lifetime and by his estate after his death, secured secret commissions and gratuities from a third party doing business with Edbro. The petition alleges that said moneys were obtained by Harry Hackman in part directly and in part through the other respondent, his wife, Bernice Hackman. Bernice Hackman by her answer questions the jurisdiction of this court on the theory that the allegations of the petition at best assert a right in petitioner to the "collection of a simple debt." The law is otherwise. (*Howe* v. *Savory*, 51 N. Y. 631; *Morrison* v. *Ogdensburgh & Lake Champlain R. R. Co.*, 52 Barb. 173, 181; *Labinsks* v. *Holst*, 84 N. Y. Supp. 991, 992 [not otherwise reported]; Restatement, Agency, § 388; 13 A. L. R. 907; 71 id. 933.) " In all this class of cases, the question is * * * whether the agent has done his duty to his principal, and acted according to the trust reposed in him. If he has not, but through default or concealment, in either particular, has obtained a profit or advantage to himself, *he cannot retain it; it belongs to his principal.*" (Italics in original.) (*Morrison* v. *Ogdensburgh & Lake Champlain R. R. Co., supra.*) The court

accordingly holds that it has jurisdiction of the subject-matter of this proceeding consisting as it does of " money * * * or the proceeds or value thereof " within the meaning of section 205 of the Surrogate's Court Act.

The respondents have demanded trial by jury. An order framing the issues and a note of issue should, therefore, be filed. Proceed accordingly.