In the Matter of the Estate of EDWARD W. BROWNING, Deceased.*

Surrogate's Court, New York County, June 25, 1940.

*Joseph V. McKee*, for the executor, petitioner.

*Kantrowitz, Esberg & Solins*, for the respondents.

DELEHANTY, S. In this discovery proceeding the individual respondent concededly dominates and controls the corporate respondent which concededly collected $541.55 representing commissions paid to it by insurance companies for placing insurance on real property owned by deceased individually.

The proof shows that after deceased died on October 12, 1934, the individual respondent terminated the services of the insurance representative of deceased. Shortly thereafter the individual

* Affd., 260 App. Div. 1013.

respondent canceled policies of fire insurance in large amounts at short rates, thus causing a substantial loss because the amount of premium returned was much less than the ratable share of the total premium if prorated over the balance of the term of the policies. The making of these cancellations furnished an immediate opportunity for the individual respondent through the company which he dominated to write new insurance on the property and to procure commissions on the new policies. In addition the individual respondent took steps which resulted in the placing of wholly new insurance on properties which had theretofore been uninsured. In respect of this insurance also the corporate respondent received commissions on the insurance placed.

Unless respondents can establish some affirmative defense, they are bound to make restitution to the estate. In this situation there is identity between the individual and the corporate respondent. The funds here sought to be recovered are the property of the estate. Since they are funds procured by an agent to the detriment of his principal the profit or advantage belongs to the principal. (*Lamdin* v. *Broadway Surface Advertising Corp.*, 272 N. Y. 133. See, also, cases cited in *Matter of Browning*, 172 Misc. 647.)

In the effort to meet the case of petitioner respondents assert an estoppel because of the fact that in December, 1934, a trust officer of the executor and its attorney attended a meeting at which the individual respondent was authorized to take charge of the insurance. Nothing in the proof by respondents shows any disclosure of an intention to benefit themselves personally. There is no factual basis for the claim of estoppel.

Separate defense is made because of section 188 of the Insurance Law. The court holds that it is not applicable to this situation. This section establishes a State policy designed to prevent discrimination among insured persons and to stablilize and standardize rates. The evil at which the section is aimed is the making of agreements between the insurance company and the insured whereby secret refunds or rebates are procured by the insured. Here the estate made no bargain for a rebate. In no true sense is it obtaining a rebate when it collects the secret profit made by its agent. The obligation of fidelity of agents and the public interest in the enforcement of that fidelity are substantial. There is no necessary conflict between the enforcement of the Insurance Law and the enforcement of the obligation of an agent who makes a secret profit out of his control over insurance placed for his employer. There is no corrupt bargain here between the insurance company and the insured. The incidental fact that the insured receives money in

an amount equal to the insurance commissions is not a reason for characterizing that receipt as the procurement of a rebate. That is too narrow and literal a view of the transaction. The recovery is of secret profits made by an agent who otherwise would go free with his illicit gain if recovery is not permitted. An Illinois case (*White* v. *Sherman,* 168 Ill. 589; 48 N. E. 128) reached the same result. Whether the statute there involved was similar to our Insurance Law the report does not reveal. The Restatement is in accord with the result here reached. (Restatement, Trusts, § 170, note (n), p. 439.)

The court holds that the commissions actually received by respondents are recoverable in this proceeding. The other harm to the estate may not be cured here whether caused by over insurance or the procurement of insurance unnecessarily on properties theretofore uninsured. This proceeding is necessarily limited to the recovery of the moneys which under the cited authorities are the moneys of the estate. The claim for damages must be pursued elsewhere.

Submit, on notice, decree accordingly