In the Matter of the Estate of EDWARD W. BROWNING, Deceased.

Surrogate's Court, New York County, March 24, 1941.

*Joseph V. McKee* [*William T. Griffin* of counsel], for the executor, petitioner.

*Kaiser & Holzman*, for Maurice W. Grober, respondent.

DELEHANTY, S. Respondent in this discovery proceeding has moved to dismiss the proceeding, to vacate the order in discovery and to vacate the subpœna *duces tecum* issued simultaneously therewith. The question presented is one of law.

The petition charges that respondent conspired with an employee of deceased and of the estate of deceased to procure certain contracts from deceased and his estate representative under which respondent was to be paid substantial sums of money, ostensibly as the contract price of work and materials. The petition alleges that these contracts were procured through the interposition of the employee and that to procure the contracts the respondent agreed to pay and did pay to this employee a portion of the moneys received by respondent under the contracts. The discovery proceeding seeks to recover for the estate of deceased the graft or bribe so paid to the employee.

The first ground of objection is that the petition and order do not state facts sufficient to support the discovery order and the second ground urged is that the court has no jurisdiction in discovery on the facts alleged. For the purpose of the decision of the application the facts alleged in the petition must be taken as true. Among other things it is argued that since on the face of the petition it is alleged that the moneys received by respondent for the bribed employee were actually paid to the latter, discovery will not lie. The fact that estate funds have been passed on by respondent to another is no answer to the discovery process. (*Matter of Wilson*, 252 N. Y. 155.)

Further attack upon the jurisdiction of this court in discovery is made on the ground that even though a right of action may exist in favor of the estate of deceased for damages or for recovery of the amount paid as graft, such action will lie only in a court of general jurisdiction. The court rejects this contention. Respondent was engaged in a criminal act (Penal Law, § 439) which though a misdemeanor is one involving moral turpitude. (*Matter of McNally*, 252 App. Div. 550.) He had no legal right to receive and has no legal right to retain so much of the payment to him as equals the amount of the bribe which he was to pay to the agent whom he had corrupted. " If * * * a vendor bribes a purchaser's agent it must be assumed that the purchase money is loaded by the amount of the bribe. The vendor has had and received money *which belongs to the purchaser to the extent of the bribe* which neither

the vendor nor the unfaithful agent may in conscience and good morals retain." (*Donemar, Inc.,* v. *Molloy,* 252 N. Y. 360; emphasis supplied.)

The fact that the executor seeks to recover graft paid partly in the lifetime of deceased and partly during the administration furnishes no basis for dismissal. The executor succeeded to deceased's rights and may in a single proceeding recover the moneys due because of the graft payments. The court holds that the petition adequately supports the order in discovery. (*Donemar, Inc.,* v. *Molloy, supra; Matter of Browning,* 172 Misc. 647, and authorities there cited; 3 Scott on Trusts, § 506; Restatement, Restitution, § 201, subd. 1.)

The motion to vacate the discovery order and to dismiss the proceeding is in all respects denied. The court makes no ruling upon the motion to vacate the subpœna *duces tecum.* It was entirely proper to issue such a subpœna returnable at the same time as the order in discovery but, since the date for compliance with the subpœna has passed, a new one must be issued in any event. Any questions which may arise respecting the scope of any subpœna *duces tecum* issued hereafter will be disposed of by the court on appropriate application.

Submit, on notice, order accordingly.