ROGER A. CONVERSE, Appellant, *v.* WILLIAM HORACE SCHMIDLAPP, Respondent.

First Department, June 19, 1942.

*John F. Dooling, Jr.,* of counsel [*Sullivan & Cromwell,* attorneys], for the appellant.

*N. Otis Rockwood* of counsel [*Folger, Rockwood & Kemp,* attorneys], for the respondent.

TOWNLEY, J. This action was brought for the rescission of a contract under which plaintiff paid $5,000 to the defendant for one-half of defendant's interest in a corporation which supposedly had been formed with a $30,000 capitalization. The purpose of forming the corporation was to produce at least five plays in Boston on a stock company basis. The purpose of the plaintiff in purchasing an interest in this business venture was to provide himself with a chance to act in Boston and possibly in New York if the plays were later transferred there for a run.

After the contract was signed, the plaintiff went to California. His attorneys represented him in New York. The contract between the plaintiff and defendant was signed in July, 1940. On August 7, 1940, a corporation was formed with a capitalization of $100 instead of $30,000. It was arranged that the proposed capital contributions should be treated as loans. Plaintiff was not told of this change. It was known to defendant prior to September 3, 1940, that it would be impossible to carry out the stock company idea, but this fact was also not told to plaintiff.

On September 4, 1940, still without telling the plaintiff of the changes that had been made in the proposed venture, defendant called upon plaintiff to pay the $5,000. Plaintiff's counsel paid the money. On September fifth the defendant told the plaintiff that the first play would have no part for the plaintiff and that rehearsals for the second play would start September twenty-third. Plaintiff returned to New York on September twentieth. He held himself

ready for employment but was told that he was unsuited to the second play and in fact was not employed for the third play. When sixteen and two-thirds shares of stock in the corporation were delivered to plaintiff's counsel, an immediate protest was made that the stock arrangements were not in accordance with the contract and that its proposed purpose would be rendered ineffective.

It is quite clear that as between the plaintiff and the defendant, the purpose of plaintiff's participation in the Boston venture was frustrated in fact in that he was not given any parts to play, and frustrated in form and substance in that he was not given an interest in a $30,000 corporation or in a stock company. It may be that it was good business on the part of the principal promoters to change their arrangements as they did. It may also be that the change did not cause the undertaking to fail. That, however, is no answer to the claim of the plaintiff that, as between himself and the defendant, the contract was not carried out in any substantial respect.

In this case there has been a complete failure of consideration. There was a timely protest as to the failure to organize the corporation as agreed. Plaintiff fully performed and held himself in readiness to act. It was not necessary for him to make constant protests that he was not getting what he bargained for. It was the duty of the defendant to see that he was employed.

This is a claim of rescission for complete breach of all the important duties under a contract. Under the decision of the Court of Appeals in *Richard* v. *Credit Suisse* (242 N. Y. 346) notice to rescind could be given at any time within the period of the Statute of Limitations unless there should be some inequitable result from the delay. In this case there is no element of estoppel against the plaintiff. All the material violations of the contract were either accomplished or contemplated before there was a demand for the payment of the $5,000 without any disclosure to the plaintiff that these changes had been made. We find no substantial defense to the plaintiff's claim.

The judgment should be reversed, with costs, and judgment directed as prayed for in the complaint, with costs.

MARTIN, P. J., and GLENNON, J., concur; UNTERMYER and DORE, JJ., dissent.

Judgment reversed, with costs, and judgment directed as prayed for in the complaint, with costs. Settle order on notice.