Irving Berk, Suing on Behalf of Himself and All Other Borrowers of Madison Personal Loan, Inc., Similarly Situated, Respondent-Appellant, v. Seaboard Surety Company, Appellant-Respondent, et al., Defendants.

First Department, May 7, 1943.

128

*Abraham Rotwein* of counsel (*Noah Rotwein* with him on the brief; attorney), for respondent-appellant.

*David S. Konheim* of counsel (*Samuel Halpern* and *Anthony J. Wolf* with him on the brief; *Konheim, Halpern & Wolf,* attorneys), for appellant-respondent.

TOWNLEY, J. This action was brought by plaintiff suing in a representative capacity on behalf of himself and all other borrowers of the Madison Personal Loan, Inc., similarly situated. The first cause of action alleges that when the plaintiff borrowed $144 from the Madison Personal Loan, Inc., and executed a note and a chattel mortgage on his automobile, the Madison Personal Loan, Inc., in violation of article 9 of the Banking Law, employed a colorable device by which it extorted an excessive charge of twelve dollars and fifty cents under the guise of an insurance fee and wrongfully withheld said sum from the plaintiff. It is further alleged that similar amounts were extorted from some 10,000 other borrowers to an aggregate amount in excess of the $25,000 bond furnished by the defendant, Seaboard Surety Company.

This cause of action amounts to a claim for money had and received. Such an action is equitable and can only be maintained when the defendant has received more than he has paid. In a transaction such as that involved here it would be necessary to show that the borrower had paid more than he received on the loan. Otherwise the borrower would have the lender's

money and no basis would exist for a claim of money had and received. In *Schank* v. *Schuchman* (212 N. Y. 352) plaintiffs sued to recover payments to defendant for wagons and repairs upon the ground that defendant had bribed plaintiffs' agent to influence their conduct in relation to such orders. The action was for money had and received. The court in its opinion at page 359 said: " * * * The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain. * * * We think, therefore, that the plaintiffs, admitting, as they do, that they have received property and services of value, which they have wholly consumed, must show, in order to reclaim the money, that its retention by the defendant is against good conscience, and that they do not show this in the absence of an allegation of some disparity between the value and the price." See, also, *Donemar, Inc.*, v. *Molloy* (252 N. Y. 360).

The payment of the insurance premiums cannot be considered as separate and apart from the loan. It is pleaded as a part of that transaction and relied on to establish its invalidity. The first cause of action is defective in that it fails to allege that the plaintiff paid more than he received.

The second cause of action alleges that plaintiff repaid on his loan of $144, the sum of $101, that thereafter the Madison Personal Loan, Inc. on the basis of a void and illegal loan and illegal chattel mortgage wrongfully seized and converted plaintiff's property which was of the value of $400, that Madison Personal Loan, Inc. under similar void loans wrongfully converted the property of some 300 other borrowers similarly situated, and that, since the aggregate of the claims exceeds the amount of the bond, it is said that it would be just and equitable that all persons similarly situated should come in and prove their claims and that a *pro rata* distribution be made.

The bond involved in this case is the statutory bond required under section 342 of the Banking Law. This bond is renewed from year to year. There is no allegation in the second cause of action which establishes that the conversion occurred during the year for which the particular bond in suit was given. The second cause of action is defective for that reason.

The right of the plaintiff to maintain a representative action is also questioned. In *Guffanti* v. *National Surety Co.* (196 N. Y. 452) a representative action was brought on a statutory bond by a creditor of an agency selling steamship tickets and receiving deposits for transmission to foreign countries. The prin-

cipal had converted the money received from a large number of persons to an amount in excess of the penalty of the bond. The court in its opinion sustaining the cause of action said at page 457: " * * * A just and equitable payment from the bond would be a distribution *pro rata* upon the amount of the several embezzlements. Unless in a case like this the amount of the bond is so distributed among the persons having claims which are secured thereby it must necessarily result in a scramble for precedence in payment, and the amount of the bond may be paid to the favored, or to those first obtaining knowledge of the embezzlements." The same considerations apply to the causes of action herein.

The court below based its dismissal of the second cause of action upon the decision of the Court of Appeals in *Martorano* v. *Capital Finance Corp.* (289 N. Y. 21). That case is not applicable to the facts stated in the complaint herein. While the court there held that the actual cost of insurance upon the collateral securing a loan might be imposed by the lender without violating section 352 of the Banking Law, the court did not hold that, under the guise of insurance, an additional charge might be made which could be retained by the lender without placing insurance.

The order, so far as appealed from, should be modified by granting the motion to dismiss the first cause of action and, as so modified, affirmed, with twenty dollars costs and disbursements to the defendant-appellant, with leave to the plaintiff to serve an amended complaint in conformity with this opinion, within ten days after service of order, on payment of said costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously modified by granting the motion to dismiss the first cause of action and, as so modified, affirmed, with twenty dollars costs and disbursements to the defendant-appellant, with leave to the plaintiff to serve an amended complaint in conformity with opinion, within ten days after service of order, on payment of said costs. Settle order on notice.