Fboessel, J.
(dissenting). Plaintiff sues for an accounting and related relief under a clearly lawful contract, whereby defendant agreed to make certain payments in connection with plaintiff’s negotiation, on behalf of defendant, of an agreement with Universal Pictures Company, Inc., for distribution rights with respect to 40 western feature films and 4 serial motion pictures. The payments agreed upon were $10,000 upon the execution of a contract with Universal, and 20% of all the gross receipts received by defendant from the distribution of said pictures after defendant had recouped the amount of $100,000 from 60% of the gross receipts. Upon negotiation of the distribution rights, defendant paid plaintiff said sum of $10,000, but thereafter declined upon demand to pay plaintiff any further moneys.
Two defenses set forth in the answer were stricken below. The first defense alleged that plaintiff secured the Universal contract as a result of influencing an agent of Universal and United World Films, Inc., to cause United to execute the contract with defendant, for which he paid the agent $10,000, in claimed violation of section 439 of the Penal Law. The second defense reiterated the allegations of the first, and alleged that the enforcement of the contract would be contrary to public *473 policy. These allegations are denied, except of course as they are deemed admitted as a matter of law by challenging their legal sufficiency. It is to be noted that defendant does not charge that its own agent was bribed or that its contract with plaintiff contemplates any illegal act. Moreover, neither the answer nor the affidavit in opposition suggests that Universal or United has in anywise questioned the distribution contract or that defendant has not enjoyed the full fruits thereof.
The narrow question before us as framed by Special Term is “ whether the unlawful acts imputed to the plaintiff in performance are fatal to recovery under a lawful contract ”. We agree with the courts below “ that recovery for services under a valid agreement may be had, notwithstanding that the plaintiff has in the course of their rendition committed illegal acts ”. This was implicit in our holding in Chesebrough v. Conover (140 N. Y. 382) and it was so squarely held in Dunham v. Hastings Pavement Co. (56 App. Div. 244) where the court correctly stated the applicable rule of law as follows (pp. 251-252): “If the contract contemplated legal service and that alone, we do not think that it would be rendered illegal by the fact that the plaintiff did illegal acts in its performance. The question is and continues, was the contract in fact for the performance of illegal service. If it was not, then it is valid and can be enforced.” (See, also, 57 App. Div. 426.)
This is not a case where the contract sued upon is intrinsically illegal (cf. Stone v. Freeman, 298 N. Y. 268; Reiner v. North American Newspaper Alliance, 259 N. Y. 250); or was procured by the commission of a crime (Sirkin v. Fourteenth St. Store, 124 App. Div. 384); or where a beneficiary under a will murdered his ancestor in order to obtain the speedy enjoyment of his property (Riggs v. Palmer, 115 N. Y. 506). In the Sirhin case, so heavily relied upon by the majority, the plaintiff obtained the very contract he was seeking to enforce by paying secret commissions to defendant’s own purchasing agent. In Merchants’ Line v. Baltimore & Ohio R. R. Co. (222 N. Y. 344, 347) we pointed out that in Sirhin 11 the plaintiff reached and bribed the man who made the contract wider which he was seehing to recover ” (emphasis supplied). In Morgan Munitions Supply Co. v. Studebaker Corp. (226 N. Y. 94, 99) we likewise cited the Sirhin case for the proposition that “ a contract procured by *474 the commission of a crime is unenforceable even if executed ’ ’ (emphasis supplied).
In the instant case, the contract which plaintiff is seeking to enforce is perfectly valid, and it was not intended or even contemplated that plaintiff would perform the contract by illegal or corrupt means. Having received and retained the full benefits of plaintiff’s performance, defendant now seeks to “inject into ” its contract with plaintiff, “ which was fair and legal in itself, the illegal feature of the other independent transaction ” (Messersmith v. American Fid. Co., 187 App. Div. 35, 37, affd. 232 N. Y. 161). This court is now adopting a rule that a party may retain the benefits of, but escape his obligations under, a wholly lawful contract if the other party commits some illegal act not contemplated nor necessary under the contract. By way of a single illustration, an owner may thus avoid paying his contractor for the cost of erecting a building because the contractor gave an inspector a sum of money to expedite an inspection.
The majority opinion seeks to distinguish between “ major ” and “ minor ” illegality and “ direct ” and “ peripheral ” corruption. It decides this case on the ground that the manner in which plaintiff performed his admittedly valid contract with defendant was ‘ ‘ gravely immoral and illegal ’ ’. Such distinctions are neither workable nor sanctioned by authority. If a contract was lawfully made, and did not contemplate wrongdoing, it is enforcible; if, on the other hand, it was procured by the commission of a crime, or was in fact for the performance of illegal services, it is not enforcible. These are the criteria distinguishing enforcible from unenforcible contracts — not “nice” distinctions between degrees of illegality and immorality in the performance of lawful contracts, or whether the illegal act of performance was “ directly ” or “ peripherally ” related to the main contract.
Moreover, a reversal here would be contrary to the spirit, if not the letter, of our holding in Southwestern Shipping Corp. v. National City Bank (6 N Y 2d 454). The broad proposition for which that case stands is that a party unconnected with an illegal agreement should not be permitted to reap a windfall by pleading the illegality of that agreement, to which he was a stranger. There, the contract between the plaintiff and the bank was *475 entirely lawful, and the bank attempted to avoid the consequences of its breach of contract and negligence by asserting the illegality of a different contract between plaintiff and a third party. Here, the contract between plaintiff and defendant was perfectly legal, and defendant is seeking to avoid its obligations under the contract — of which it has reaped the benefits for some 12 years — by asserting the illegality of a different and subsequent agreement between plaintiff and a third party. This it should not be permitted to do.
The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.