Frank J. Pino, J.
Plaintiff has commenced an action against defendant for goods sold and delivered. Defendant, in its answer, admits the purchase of meat from plaintiff and that no part of the amount sued for has been paid. However, defendant has interposed an affirmative defense and counterclaim. In its defense it alleges “ commercial bribery ” of one of its employees, a purchasing agent, which is a violation of section 439 of the Penal Law and section 13c of title 15 of the United States Code. As to the counterclaim, it asserts a substantial loss of business and profits resulting from its being compelled to increase the retail price of the meat product due to the alleged unlawful payments to the employee. Plaintiff’s reply is a general denial.
Pursuant to a notice to take testimony upon oral examination, plaintiff’s president submitted to an extensive examination before trial on November 24, 1964, at which time numerous objections to questions were raised by plaintiff’s attorney. The matter is now before this court for rulings on the objections.
It is undisputed that a violation of the sections of the laws afore-mentioned are proper defenses to the action, although the violation of a Federal law cannot be used as a basis for affirmative relief in this court. (Nathanson v. Brown & Williamson Tobacco Corp., 189 Misc. 1024, 1031; Remington Rand v. International Business Mach. Corp., 167 Misc. 108, 115.)
Section 3101 (subd. [a]) CPLB provides in part that “ [t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”. Defendant claims, among other things, the right to question the witness as to the prices charged defendant by plaintiff for the product known as T. B. S. and the prices plaintiff charged other customers for the same product, for the purposes of showing that defendant’s employee was being paid gratuities by plaintiff to induce him to make purchases at higher prices. Plaintiff contends that the questions objected to related only to price discrimination and not to the allegations of commercial bribery; that the issue of price discrimination can only be determined in a suit in the Federal court, and that therefore the objections were properly raised.
In the case of Donemar, Inc. v. Molloy (252 N. Y. 360, 365) the court stated: “If, however, a vendor bribes a purchaser’s agent it must be assumed that the purchase money is loaded by the amount of the bribe.”
In view of the seeming interlocking relationship between the alleged bribery and the alleged increased prices, the court is of the opinion that the questions propounded were relevant, *42 material and necessary to a proper examination of the witness.
Accordingly, the motion is granted to the extent only of requiring the person examined to answer questions concerning the prices which plaintiff charged to defendant and other customers for T. B. S., and denied in all other respects.