Respondent censured.

MILTON SCHWARTZ et al., Respondents-Appellants, *v.* NATIONAL COMPUTER CORP., Appellant-Respondent.

First Department, July 3, 1973.

124

*Roy M. Cohn* of counsel (*Saxe, Bacon, Bolan & Manley,* attorneys), for appellant-respondent.

*Allen Green* of counsel (*Jerome J. Londin* with him on the brief; *Carro, Spanbock, Londin, Rodman & Fass,* attorneys), for respondents-appellants.

STEVENS, P. J. By contract between National Computer Corporation (National) and Regal Securities, Inc. (Regal) dated April 30, 1969, National agreed to sell and Regal agreed to purchase up to 34,000 shares of National's stock at $3 per share, and such shares were to carry warrants to purchase one share of common stock for each share purchased. The holders of the stock and warrants could make a single request within a two-year period of the agreement for registration of the stock. The stock was acquired for the purpose of investment.

By agreement of the same date between Milton Schwartz, National and Regal, Schwartz subscribed for 34,000 shares at $3 per share with warrants. Such rights were assignable. At the closing on May 9, 1969, Schwartz assigned to the other six plaintiffs a portion of the shares and warrants.

October 9, 1970, registration was requested. Upon a failure to register this action was commenced October 5, 1971, for rescission. The agreement provided that the purchaser, in the event of a breach of the agreement with respect to registration, would be entitled to equitable remedies in addition to any other remedy available and that the defendant would not oppose action therefor.

On a motion for summary judgment for rescission Special Term gave plaintiffs the option of rescission and return of the securities with an assessment of actual damages, or to retain the securities and take an assessment of damages. Plaintiffs elected rescission and return with an assessment of damages, and the matter was referred on consent to a Referee.

After a full hearing the Referee recommended a value of 2⅝ per share, discounting ¼ of a point from 2⅞ as of February 1, 1971, the date the Referee concluded registration might have been made effective, and $.15 per share for the warrants. Interest was to be awarded from February 1, 1971. The total award of damages amounted to $94,350 plus interest.

On a motion to confirm Special Term modified to award damages per share at 2¼ for a total of $76,500, which, plus $5,100 in the warrants, amounted to $81,600. Execution of the

judgment was conditioned upon return of the shares and the warrants.

Plaintiffs appealed from the failure to award the full $102,000 or, alternatively, to approve the figure recommended by the Referee. Defendant appeals from the entire judgment.

Plaintiffs were in possession of the stock and warrants from May 9, 1969 to October 5, 1971, before commencing an action for rescission. In fact almost one year elapsed between their request for registration and institution of this action. If the failure to register the stock upon request as provided in the basic agreement and incorporated by reference in the Schwartz subscription agreement, constituted such a material breach of the subscription agreement as to warrant its avoidance, there could be the right to rescind. On this record no fraud is demonstrated by either of the parties. If the right to rescind be established, the offer to return the stock was adequately set forth in the pleadings, and upon granting of the relief sought, plaintiffs would be entitled to return of the consideration paid, with interest (see *Weigel* v. *Cook,* 237 N. Y. 136). This is not an instance where plaintiffs seek to retain the stock and sue for damages.

It should be pointed out that to grant rescission is to declare the contract void from its inception and to put or restore the parties to *status quo.* If there was a willful failure or refusal to register which resulted in a failure of consideration or so seriously diminished its value as not to afford the plaintiffs that for which they bargained, then there should be a rescission *in toto* with return of the purchase price. (See *Converse* v. *Schmidlapp,* 264 App. Div. 381, affd. 290 N. Y. 834; *Davis* v. *Rosenzweig Realty Operating Co.,* 192 N. Y. 128; cf. *Callanan* v. *Keeseville, Ausable Chasm & Lake Champlain R. R. Co.,* 199 N. Y. 268.) "A right to rescind, abrogate, or cancel a contract must be exercised promptly on discovery of the facts from which it arises; it may be waived by continuing to treat the contract as a subsisting obligation. Thus, the right to rescind a contract must generally be exercised promptly after the injured party learns of the wrong justifying rescission. Where a party has made a bad bargain and wishes to disaffirm it, he must act promptly and not wait until the rights of others have been affected by it. While it is said to be generally held that in a bilateral contract the privilege of rescinding for a known breach must be exercised seasonably and is lost by delay, delay does not inevitably toll the remedy of rescission; yet, it should do so where there is further performance due under the contract

from the other party, which in the absence of notice he might suppose would be accepted in spite of his prior breach, and under other circumstances where it would be unjust to subject the defaulting party to variations in the value of his performance, and give the other party the opportunity to gamble upon possible changes that might be to his advantage. Prompt action in rescinding does not mean immediately, but within a reasonable time; no hard and fast rule can be stated, however, as to what constitutes a reasonable time; it depends on the facts and circumstances. It has been held that notice of the rescission of a contract for abandonment or nonperformance or failure of consideration may be made at any time within the statute of limitations unless delay would be inequitable.'' (10 N. Y. Jur., Contracts, § 411.)

The agreement gave plaintiffs a specific right to demand registration, in default of which plaintiffs were not restricted to legal remedies but could, if they chose, seek to avail themselves of equitable remedies.

If it be concluded that the right to rescind was not reasonably exercised, plaintiffs are entitled to damages without the necessity of returning or offering to return the stock. Whenever there is a breach of a contract the law infers some damage. The quantum of damage in a case of this nature would be the difference between the value of the stock at the time National failed to perform and profits lost or diminution in value of the shares and warrants by reason of such dereliction. Since stock is involved the loss sustained or gain presented should be determined as of the time of the breach — in this instance at the time registration could reasonably have been completed following upon the demand. (See *Simon* v. *Electrospace Corp.*, 28 N Y 2d 136, 145.)

In the case before us there seems to be a judgment which is a combination of rescission and damages separately calculated and awarded. Plaintiffs are not made whole as they should be if rescission is warranted. On the other hand, if damages are being awarded which represent gains prevented or losses sustained, the stock being retained by plaintiffs, the sum awarded does not find full support in the record.

While we are aware of the status of the learned Referee and fully appreciative of his outstanding qualities, the fee awarded is deemed excessive in light of the record. Such fee is modified to reduce the same to $4,000. Since the Referee was appointed on consent, the fee is to be paid equally by both sides.

The order and judgment so far as appealed from should be modified on the law by vacating so much thereof as adjudges that

plaintiffs recover specific dollar amounts and as directs the return of the shares of stock and warrants, and by reducing the fee of the Referee to $4,000, to be paid equally by both sides. As so modified the order and judgment are affirmed, and a new trial is ordered before the court as to damages only, without costs and without disbursements.

Settle order.

KUPFERMAN, MURPHY, STEUER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on April 2, 1973, and the judgment of said court entered thereon on April 6, 1973, unanimously modified, on the law, by vacating so much thereof as adjudges that plaintiffs recover specific dollar amounts and as directs the return of the shares of stock and warrants, and by reducing the fee of the Referee to $4,000, to be paid equally by both sides, and as so modified, the order and judgment are otherwise affirmed, without costs and without disbursements, and a new trial is directed before the court as to damages only.

Settle order on notice.