National Union Fire Ins. Co. of Pittsburgh, PA v Rudell & Assoc., Inc. (2023 NY Slip Op 02183)

National Union Fire Ins. Co. of Pittsburgh, PA v Rudell & Assoc., Inc.

2023 NY Slip Op 02183

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 653191/12 Appeal No. 122 Case No. 2022-02216 

[*1]National Union Fire Insurance Company of Pittsburgh, PA, as Subrogee of Consolidated Edison Company of New York, Inc., et al., Plaintiffs-Respondents-Appellants,
v
Rudell & Associates, Inc., et al., Defendants-Appellants-Respondents, Sassine Razzouk, et al., Defendants. 

The Howley Law Firm P.C., New York (John Howley of counsel), for appellants-respondents.
Gordon Rees Scully Mansukhani, LLP, New York (Ryan J. Sestack of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about April 14, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on their cause of action for aiding and abetting breach of fiduciary duty against defendants Rudell & Associates, Inc., Rudicon Power Corporation and Rodolfo Quiambao's (collectively Rudell defendants) insofar as it sought compensatory damages, disgorgement of profits, and prejudgment interest, granted plaintiffs' motion to dismiss the Rudell defendants' affirmative defense of extortion, and denied the Rudell defendants' cross motion for summary judgment dismissing plaintiffs' claims for compensatory damages and recission of contract, unanimously modified, on the law, to award plaintiffs compensatory damages in the amount of the bribes paid by the Rudell defendants to codefendant Sassine Razzouk, less the amount of restitution received by plaintiffs from Razzouk, and to grant the Rudell defendants' motion for summary judgment dismissing plaintiffs' claim for rescission, and otherwise affirmed, without costs.
The Rudell defendants are not entitled to assert extortion as a defense to plaintiffs' claims against them. They admitted that they were never threatened and, in any event, did not show that any threats made by Razzouk to induce the bribe payments constituted threats of unlawful injury (see People v Dioguardi, 8 NY2d 260, 268 [1960]).
Plaintiffs should have been permitted to recover compensatory damages in the amount of the bribes paid by the Rudell defendants to Razzouk, less the restitution recovered from Razzouk in the criminal proceeding brought against him (see Donemar, Inc., v Molloy, 252 NY 360, 364-365 [1930]). However, plaintiffs are not entitled to the full amount paid in excess of the restitution, as the Rudell defendants have raised issues of fact as to whether that amount may be offset by undercharges on some of their contracts with plaintiff Con Ed (see generally City of New York v Liberman, 232 AD2d 42, 49 [1st Dept 1997], lv dismissed 91 NY2d 1003 [1998]). Because the precise damages have not been established, plaintiffs' request for prejudgment interest is premature (CPLR 5001[a]).
Plaintiffs are not entitled to disgorgement of the Rudell defendants' profits based on their unjust enrichment claim, as these damages would compensate plaintiffs beyond their losses (see Edelman v Starwood Capital Group, LLC, 70 AD3d 246, 250 [1st Dept 2009]).
The claim for recission should have been dismissed, given Rudell's partial performance of the contracts and the restitution awarded to plaintiffs based on the same (see Schwartz v National Computer Corp., 42 AD2d 123, 125 [1st Dept 1973]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023